[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 411.]

THE STATE EX REL. ROSS, APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL

COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT; M.J.

CONSTRUCTION COMPANY, APPELLEE.

[Cite as *State ex rel. Ross v. Indus. Comm.*, 1998-Ohio-404.]

*Workers' compensation—Application for death benefits denied by Industrial*
*Commission—Action in mandamus dismissed when claimant has an*
*adequate remedy at law via an R.C. 4123.512 appeal.*

(No. 96-2388—Submitted May 12, 1998—Decided July 29, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD01-71.

_____

{¶ 1} Decedent, Patrick R. Ross, worked for several companies during his lifetime, although the majority of his employment was with Pioneer Contracting Corporation, an asphalt contractor. In 1988, he died of leukemia. At the time, he was employed by Inland Refuse Transfer. His widow, Gertrude Ross, appellant herein, filed a death claim with appellee Industrial Commission of Ohio, alleging that decedent's leukemia was caused or accelerated by his employment with Inland Refuse Transfer.

{¶ 2} A commission district hearing officer ("DHO") denied the claim on March 6, 1990, writing:

"Claimant's death by leukemia was not the result nor accelerated by his exposure to asphalt while working for Inland Refuse Transfer. This, based on the medical proof on file and specifically on Dr. Berman's 8-14-90 report.

"Claim is disallowed."

{¶ 3} The widow-claimant appealed.

{¶ 4} At the April 24, 1991 regional board hearing, claimant allegedly made an oral amendment to her death claim, asserting that decedent's death did not arise

out of his employment with Inland, but instead arose out of his employment with appellee M.J. Construction Company ("M.J. Construction"). As a result, the board referred the claim back to a DHO "for a determination as to the culpability of M.J. Construction. After order on file refer to Cleveland Regional Board of Review for hearing on claimant's IC-12 [merit appeal of death claim denial]."

{¶ 5} A DHO hearing was set for June 11, 1991. M.J. Construction, however, was not provided with notice of the hearing and was unrepresented. The DHO found that M.J. Construction was the appropriate employer, and also ruled that decedent's leukemia was the result of decedent's employment with M.J. Construction. The order stated:

"That the death claim, as to M.J. Constructing Company fna Pioneer Contracting Corporation, be allowed based upon the report of Doctor Tirgan.

"That the district hearing officer finds, from the proof on file, that decedent was an employee of Pioneer Contracting Corporation from approximately 1963 to October of 1983 in various capacities of the asphalt business * * *. During the course and scope of decedent's employment with Pioneer, he was exposed to the asphalt which is dolzel & petroleum fumes which lead to 'acute myelogenous leukemia and bone marrow fibrosis' and ultimately resulted in his death.

"Further, this District hearing officer finds that Pioneer Contracting Corporation underwent a name change in 1983 to M.J. Construction Company as verified by the employer's letter in file dated 3-15-90[1] and as testified to at hearing.

" * * *

---

1. The letter referred to is a March 15, 1990 letter to the DHO from the law firm that apparently represented Inland. The letter states in its entirety: "Pursuant to your request, please allow this letter to confirm that our last known address for M.R. Ross' prior employer, Pioneer Contracting Company, is c/o MJ Contracting, P.O. Box 775, Chagrin Falls, Ohio 44022."

"The district hearing officer orders claim referred to [Cleveland Regional Board of Review] for hearing on widow claimant's IC12 [appeal] as to Inland Refuse Transfer * * *." (Footnote added.)

{¶ 6} The order was not appealed.

{¶ 7} The Bureau of Workers' Compensation began paying death benefits to claimant and charging them against M.J. Construction's risk. The latter action was the first knowledge that M.J. Construction had of a death claim being assessed against it. M.J. Construction accordingly petitioned the commission for relief pursuant to R.C. 4123.522, which permits a belated appeal by a party who was entitled to, but did not receive, notice of a hearing. The commission granted M.J. Construction's motion, thereby permitting it to appeal the June 11, 1991 DHO order.

{¶ 8} In the appeal that followed, counsel indicated that he represented M.J. Construction and M.J. Contracting Company. He indicated that neither M.J. Construction nor M.J. Contracting Company had ever employed decedent. Counsel also stated that neither company was a successor to the Pioneer Contracting Corporation referred to in the DHO's order. To the contrary, M.J. Construction— which the DHO had designated as the amenable employer—was not even incorporated until 1990, two years after decedent's death. As a result, a staff hearing officer found on March 14, 1995:

"The order of the District hearing officer, dated 6-11-91 is vacated.

"The Staff Hearing Officer finds that Patrick Ross was never an employee of M.J. Construction Co. The application for death benefits is, therefore, denied as the decedent's death was not the result of an occupational disease contracted in the course and scope of employment with M.J. Construction Co. * * * "

{¶ 9} Claimant's appeal to the commission was refused.

{¶ 10} Claimant appealed the order to the Cuyahoga County Common Pleas Court pursuant to R.C. 4123.512. Six months later, she commenced an action in

mandamus in the Court of Appeals for Franklin County, contesting the same order. Claimant's notice of dismissal without prejudice was filed in common pleas court a short time later. She has apparently refiled her appeal and that matter is pending.

{¶ 11} In the instant mandamus action, the commission and M.J. Construction filed motions to dismiss, alleging that the issue was one of "right to participate," giving claimant an adequate remedy at law via appeal of the common pleas court decision. The court of appeals agreed and dismissed the action.

{¶ 12} This cause is now before this court upon an appeal as of right.

_____

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Shapiro, Kendis & Associates Co., L.P.A.*, and *Rachel B. Jaffy*, for appellant and cross-appellee.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee and cross-appellant Industrial Commission.

*Lustig, Icove & Lustig Co., L.P.A.*, and *Matthew Harris Lucas*, for appellee M.J. Construction Co.

_____

*Per Curiam.*

{¶ 13} One issue is presented: Does claimant have an adequate remedy at law via an R.C. 4123.512 appeal? For the reasons to follow, we find that she does.

{¶ 14} R.C. 4123.512 provides:

"(A) The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *.

" * * *

"(D) Upon receipt of notice of appeal the clerk of courts shall provide notice to all parties who are appellees and to the commission.

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action."

{¶ 15} The phrase "other than a decision as to extent of disability" encompasses a wide range of issues, not all of which are reconcilable with a claimant's duty under section (D) to establish a right or continued right to participate in workers' compensation benefits.

{¶ 16} Recognizing this incompatibility, *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus, held that only decisions involving a claimant's right to participate could be appealed. The most basic right-to-participate issue is a claim's initial allowance, and from this the current debate takes shape. Claimant believes that the commission essentially overextended itself in vacating the entire DHO order. Claimant alleges that the causal relationship between death and employment is uncontroverted. Consequently, the commission should have left this element of the order intact and vacated only that portion naming M.J. Construction as the employer. Claimant alleges that the propriety of this extension is truly at issue, which—citing *Saunders, infra*—makes it other than "right to participate." We disagree.

{¶ 17} First, claimant's assertion that causal relationship is undisputed is false. M.J. Construction vigorously disputes that allegation. Second, claimant's reliance on *State ex rel. Saunders v. Metal Container Corp*. (1990), 52 Ohio St.3d 85, 556 N.E.2d 168, is misplaced. In *Saunders*, the claimant industrially injured his back. His self-insured employer accepted the claim and listed the allowed condition as "back, spr[ain] back." Later, however, the employer noticed that the commission was broadly listing the allowance as "back" on subsequent orders, and it asked the commission to clarify the allowance.

**{¶ 18}** The commission narrowed the allowance to "lumbosacral strain with degenerative joint disease of the lumbar spine," and claimant objected. When the case ultimately came before us, the commission and employer asserted that claimant had an adequate remedy by way of appeal. We disagreed, writing:

"Appellants, however, misdefine the issue before us. The relevant question here is not one of appellee's right to participate in the State Insurance Fund for a 'back' injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find this latter question to be the proper subject for a writ of mandamus." *Id*. at 86, 556 N.E.2d at 170.

**{¶ 19}** Claimant overlooks a key distinction between this case and *Saunders*. In *Saunders*, the named employer did not dispute that claimant had been injured in the course of and arising out of his employment. The employer agreed that the claim should be allowed—the only question was for what condition. *Saunders* was correct, therefore, in finding that the most basic right-to-participate question was not at issue. That having been settled, the ancillary continuing jurisdiction question necessarily fell outside the right to participate and was not appealable.

**{¶ 20}** That is not the case here. M.J. Construction does not agree that this claim should be allowed. To the contrary, as the named employer, it vigorously denies that it is in any way responsible for decedent's death. Thus, the baseline right-to-participate question is still at the forefront of this case, rendering *Saunders* inapplicable.

**{¶ 21}** This distinction highlights a major flaw in claimant's position. The questions of employer identity and death compensability cannot be separated in this instance. It is not enough to establish that death arose out of employment. A claimant must also establish that death arose from employment with *the employer named on the application for death benefits.*

6

**{¶ 22}** Contrary to claimant's suggestion, the commission cannot simply substitute one employer for another while leaving death compensability intact, for to do so raises serious due process implications. When a surviving spouse files a death claim, he or she is making a most serious allegation against an employer—that employment therewith caused the death of another. Under claimant's proposal, another employer could be substituted for M.J. Construction without any opportunity to defend itself against the death claim. This is unacceptable and explains why the commission vacated the entire order allowing this claim against M.J. Construction.

**{¶ 23}** We instead find persuasive *State ex rel. Burnett v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 6 OBR 332, 452 N.E.2d 1341. In that case, decedent had worked for over thirty years with numerous employers, most of which had exposed him to asbestos. When decedent died of asbestos-induced cancer, his widow filed a death claim against Peck-Hannaford & Briggs Co., a company for which claimant had worked for only five months.

**{¶ 24}** Both the DHO and regional board allowed the claim. The commission reversed after considering evidence that indicated that decedent had no asbestos exposure at Peck-Hannaford. The widow appealed to the common pleas court and filed for mandamus with the court of appeals. We affirmed the court of appeals' denial of the writ after finding that claimant had an adequate remedy at law via an appeal of the common pleas court judgment.

**{¶ 25}** As to claimant's last proposition, we state simply that the dispositive issue in this case is not M.J. Construction's right to have filed a belated appeal under R.C. 4123.522. Claimant's reliance on *Afrates*, *supra*, in this respect is, therefore, misplaced.

**{¶ 26}** The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.

_____