THE STATE EX REL. ROSS, APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT; M.J. CONSTRUCTION COMPANY, APPELLEE.

[Cite as *State ex rel. Ross v. Indus. Comm.* (1998), 82 Ohio St.3d 411.]

(No. 96-2388—Submitted May 12, 1998—Decided July 29, 1998.)

412

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Shapiro, Kendis & Associates Co., L.P.A.,* and *Rachel B. Jaffy,* for appellant and cross-appellee.

*Betty D. Montgomery,* Attorney General, and *Craigg E. Gould,* Assistant Attorney General, for appellee and cross-appellant Industrial Commission.

*Lustig, Icove & Lustig Co., L.P.A.,* and *Matthew Harris Lucas,* for appellee M.J. Construction Co.

---

***Per Curiam.*** One issue is presented: Does claimant have an adequate remedy at law via an R.C. 4123.512 appeal? For the reasons to follow, we find that she does.

R.C. 4123.512 provides:

"(A) The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted * * *.

" * * *

"(D) Upon receipt of notice of appeal the clerk of courts shall provide notice to all parties who are appellees and to the commission.

"The claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action."

The phrase "other than a decision as to extent of disability" encompasses a wide range of issues, not all of which are reconcilable with a claimant's duty under section (D) to establish a right or continued right to participate in workers' compensation benefits.

Recognizing this incompatibility, *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus, held that only decisions involving a claimant's right to participate could be appealed. The most basic right-to-participate issue is a claim's initial allowance, and from this the current debate takes shape. Claimant believes that the commission essentially overextended itself in vacating the entire DHO order. Claimant alleges that the causal relationship between death and employment is uncontroverted. Consequently, the commission should have left this element of the order intact and vacated only that portion naming M.J. Construction as the employer. Claimant alleges that the propriety of this extension is truly at issue, which—citing *Saunders, infra*—makes it other than "right to participate." We disagree.

First, claimant's assertion that causal relationship is undisputed is false. M.J. Construction vigorously disputes that allegation. Second, claimant's reliance on *State ex rel. Saunders v. Metal Container Corp.* (1990), 52 Ohio St.3d 85, 556 N.E.2d 168, is misplaced. In *Saunders*, the claimant industrially injured his back. His self-insured employer accepted the claim and listed the allowed condition as "back, spr[ain] back." Later, however, the employer noticed that the commission was broadly listing the allowance as "back" on subsequent orders, and it asked the commission to clarify the allowance.

The commission narrowed the allowance to "lumbosacral strain with degenerative joint disease of the lumbar spine," and claimant objected. When the case ultimately came before us, the commission and employer asserted that claimant had an adequate remedy by way of appeal. We disagreed, writing:

"Appellants, however, misdefine the issue before us. The relevant question here is not one of appellee's right to participate in the State Insurance Fund for a 'back' injury but is instead whether a mistake sufficient to invoke the continuing jurisdiction provisions of R.C. 4123.52 existed. We find this latter question to be the proper subject for a writ of mandamus." *Id.* at 86, 556 N.E.2d at 170.

Claimant overlooks a key distinction between this case and *Saunders*. In *Saunders*, the named employer did not dispute that claimant had been injured in the course of and arising out of his employment. The employer agreed that the claim should be allowed—the only question was for what condition. *Saunders* was correct, therefore, in finding that the most basic right-to-participate question

was not at issue. That having been settled, the ancillary continuing jurisdiction question necessarily fell outside the right to participate and was not appealable.

That is not the case here. M.J. Construction does not agree that this claim should be allowed. To the contrary, as the named employer, it vigorously denies that it is in any way responsible for decedent's death. Thus, the baseline right-to-participate question is still at the forefront of this case, rendering *Saunders* inapplicable.

This distinction highlights a major flaw in claimant's position. The questions of employer identity and death compensability cannot be separated in this instance. It is not enough to establish that death arose out of employment. A claimant must also establish that death arose from employment with *the employer named on the application for death benefits.*

Contrary to claimant's suggestion, the commission cannot simply substitute one employer for another while leaving death compensability intact, for to do so raises serious due process implications. When a surviving spouse files a death claim, he or she is making a most serious allegation against an employer—that employment therewith caused the death of another. Under claimant's proposal, another employer could be substituted for M.J. Construction without any opportunity to defend itself against the death claim. This is unacceptable and explains why the commission vacated the entire order allowing this claim against M.J. Construction.

We instead find persuasive *State ex rel. Burnett v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 6 OBR 332, 452 N.E.2d 1341. In that case, decedent had worked for over thirty years with numerous employers, most of which had exposed him to asbestos. When decedent died of asbestos-induced cancer, his widow filed a death claim against Peck–Hannaford & Briggs Co., a company for which claimant had worked for only five months.

Both the DHO and regional board allowed the claim. The commission reversed after considering evidence that indicated that decedent had no asbestos exposure at Peck–Hannaford. The widow appealed to the common pleas court and filed for mandamus with the court of appeals. We affirmed the court of appeals' denial of the writ after finding that claimant had an adequate remedy at law via an appeal of the common pleas court judgment.

As to claimant's last proposition, we state simply that the dispositive issue in this case is not M.J. Construction's right to have filed a belated appeal under R.C. 4123.522. Claimant's reliance on *Afrates, supra,* in this respect is, therefore, misplaced.

The judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent.