THE STATE EX REL. ROSS, APPELLANT AND CROSS-APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE AND CROSS-APPELLANT; M. J. CONSTRUCTION COMPANY, APPELLEE.

[Cite as *State ex rel. Ross v. Indus. Comm.*
(1999), 84 Ohio St.3d 364.]

(No. 96–2388—Submitted May 12, 1998—Resubmitted
September 15, 1998—Decided January 20, 1999.)

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy; Shapiro, Kendis & Associates Co., L.P.A.*, and *Rachel B. Jaffy*, for appellant and cross-appellee.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee and cross-appellant Industrial Commission.

*Lustig, Icove & Lustig Co., L.P.A.*, and *Matthew Harris Lucas*, for appellee M.J. Construction Co.

PFEIFER, J. For the following reasons, we grant appellant's motion for reconsideration and reverse the judgment of the court of appeals.

One issue is presented: Does claimant have an adequate remedy at law via an R.C. 4123.512 appeal? We find that she does not, and that mandamus is appropriate.

In *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, this court set forth the parameters of when an appeal to the common pleas court pursuant to R.C. 4123.512 is appropriate. The court held that only decisions involving a claimant's right to participate in the fund could be appealed. The question in this case is whether the DHO's decision was properly one of claimant's right to participate in the fund. We find that the DHO's decision should have been limited to the simple question of whether M.J. Construction was a successor to Pioneer.

The question on appeal was never one of whether Ross had suffered an occupational disease from his work at Pioneer. The only issue in the appeal was Pioneer's present identity. M.J. Construction was only claiming, "We are not Pioneer," not "Ross was not injured through his work at Pioneer."

The court of appeals put it well:

"As best we can tell from the record before us, no one contests the fact that Patrick Ross died as a result of myelogenous leukemia caused by his exposure to fumes during years of working with asphalt. The question should not be whether

or not his widow will receive death benefits or 'will participate' in the state fund. The question should only be whose, if anyone's, experience rate should be computed with his death benefits taken into consideration. This straightforward question has the answer complicated by the fact that a staff hearing officer at the commission did not stop at providing the relief requested on behalf of the M.J. entities (namely, relieving them from responsibility for the claims) but went on to make an order which relieved the Bureau of Workers' Compensation ('BWC') of all death benefit responsibility. We note that the BWC was on notice of all hearings, never contested Ms. Ross's entitlement to death benefits and apparently paid such benefits over a period of years."

The court of appeals saw the question as whether the overreaching of the DHO could be remedied through mandamus, or whether the remedy must be by way of appeal to a common pleas court. Looking to *State ex rel. Burnett v. Indus. Comm.* (1983), 6 Ohio St.3d 266, 6 OBR 332, 452 N.E.2d 1341, for guidance, the court found that an R.C. 4123.512 appeal was appropriate. In our earlier decision in this case, this court agreed. See *State ex rel. Ross v. Indus. Comm.* (1998), 82 Ohio St.3d 411, 696 N.E.2d 585. We now find that our reliance on *Burnett* was misplaced.

In *Burnett*, decedent had worked for over thirty years with numerous employers, most of which had exposed him to asbestos. When decedent died of asbestos-induced cancer, his widow filed a death claim against Peck–Hannaford & Briggs Co., a company for which claimant had worked for only five months.

Both the DHO and regional board allowed the claim. The commission reversed after considering evidence that indicated that decedent had no asbestos exposure at Peck–Hannaford. The widow appealed to the common pleas court and filed for mandamus with the court of appeals. This court affirmed the court of appeals' denial of the writ after finding that claimant had an adequate remedy at law via an appeal of the common pleas court judgment.

The decision in *Burnett* was indeed about decedent's right to participate. He had not proved causation as to any particular employer, according to the commission. Here, the DHO found that Ross had contracted an occupational disease while working for an employer formerly known as Pioneer. The fact that the employer was no longer known as Pioneer did not change that finding. The fact that Pioneer never evolved into M.J. Construction did not change that. Unlike in *Burnett*, we are not dealing with an employer who was blameless. We are dealing with an employer who ceased to exist.

It is clear throughout the proceedings that it was Pioneer that caused the exposure. The only question properly before the DHO on appeal was whether M.J. Construction was the successor to Pioneer. If indeed M.J. Construction and Pioneer were unrelated, as everyone seems to agree, the earlier effective finding

that Pioneer caused Ross's occupational disease should have been untouchable by M.J. Construction and the DHO.

The issue before the DHO was not about Ross's right to participate, but whether M.J. Construction was a successor to Pioneer. Since the right to participate was not properly at issue, mandamus is a proper remedy for the claimant. We reverse the judgment of the court of appeals and order the commission to vacate its order and to reinstate the previous allowance as to the employer formerly known as Pioneer Contracting Corporation.

*Reconsideration granted*
*and judgment reversed.*

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., COOK and LUNDBERG STRATTON, JJ., dissent.

---

LUNDBERG STRATTON, J., dissenting. I dissent for the reasons set forth by the former majority in *State ex rel. Ross v. Indus. Comm.* (1998), 82 Ohio St.3d 411, 696 N.E.2d 585.

MOYER, C.J., and COOK, J., concur in the foregoing dissenting opinion.