**[This opinion has been published in *Ohio Official Reports* at 90 Ohio St.3d 276.]**

THE STATE EX REL. LIPOSCHAK ET AL., APPELLANTS, *v.* INDUSTRIAL

COMMISSION OF OHIO ET AL., APPELLEES.

**[Cite as *State ex rel. Liposchak v. Indus. Comm*., 2000-Ohio-73.]**

*Workers' compensation—Although death benefits may be granted or denied*
*based on dependent status as defined in R.C. 4123.59, the denial or grant*
*of benefits is not appealable unless it concerns the causal connection*
*between injury, disease, or death and employment—R.C. 4123.60*
*dependency issues are not appealable under R.C. 4123.512—Decedent's*
*estate can be entitled to R.C. 4123.60 compensation that accrued but was*
*not paid to the decedent.*

(No. 98-2287—Submitted June 6, 2000—Decided November 15, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97APD10-1427.

_____

{¶ 1} Appellant Edith Liposchak,[1] now deceased, sought a writ of
mandamus ordering appellee Industrial Commission of Ohio (1) to vacate its order
denying her application, filed pursuant to R.C. 4123.60, for the permanent partial
and permanent total disability compensation that had accrued to her son, Robert E.
Liposchak, but had not been paid before his death, and (2) to grant that application.
Appellant Walter Liposchak, Robert's brother, also sought the writ to obtain R.C.
4123.60 relief in his capacity as executor of Robert's estate. The court of appeals
dismissed the Liposchak complaint for failure to state a claim for relief, finding that
Edith had an adequate remedy in the ordinary course of law and that Walter had no
legal right to relief.

_____

1. Edith died during this appeal, and her estate's motion for substitution has been granted.

**{¶ 2}** Robert contracted an occupational disease while working for appellee Wheeling-Pittsburgh Steel Corporation. His claim was allowed for "malignant mesothelioma," and he qualified for PTD based on the order in *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 652 N.E.2d 753; however, he died before payment. Edith filed a death claim under R.C. 4123.59, which affords benefits for dependents of employees who die as a result of occupational disease or industrial injury. She, together with Walter,[2] also filed a claim under R.C. 4123.60, which allows dependents to collect compensation that had accrued but had not been paid to an employee prior to his or her death. The commission granted payment for medical and funeral expenses pursuant to R.C. 4123.66, but denied any other relief. Finding that Edith could not prove that she was Robert's dependent, the commission ruled:

"It is the order of the Staff Hearing Officer that the record is clear that [Robert] had no direct lineal descendents. Further, decedent's mother cannot reasonabl[y] be viewed as a dependent in any form; prospective, presumed or otherwise, for the following reasons:

"1) Decedent's mother never lived with the decedent during his adult life nor did he ever support her in any manner.

"2) File evidence * * * indicates [that Robert] was mentally retarded and that he was a man of little means.

"3) Decedent lived with his brother at the time of his death and was quite dependent on his brother.

"All these factors lead to the inevitable conclusion that decedent's mother was never depend[e]nt upon him nor was she ever likely to be depend[e]nt upon him."

---

2. Although the Liposchaks represent and the parties do not dispute that Edith and Walter filed a joint application, the commission's orders refer only to Edith.

{¶ 3} Before filing this mandamus action, the Liposchaks appealed the commission's order to the Jefferson County Common Pleas Court on the theory that the commission had denied their right to participate in the workers' compensation system and, therefore, that R.C. 4123.512 afforded judicial review. On the commission's Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the common pleas court dismissed the R.C. 4123.60 claims, holding that they were not appealable under R.C. 4123.512; however, it retained the R.C. 4123.59 death benefit claim of Edith Liposchak. By the time of that ruling, the Liposchaks had already filed for this writ seeking both R.C. 4123.60 and 4123.59 relief.

{¶ 4} In the Franklin County Court of Appeals, the commission again moved to dismiss for lack of subject-matter jurisdiction, this time contending that jurisdiction over dependency remained exclusively in the Jefferson County Common Pleas Court that was deciding Edith's death benefit claim. The court of appeals dismissed the Liposchaks' action, but in doing so it applied Civ.R. 12(B)(6) to determine that the complaint failed to state a cause of action in mandamus. Pursuant to this rule, the court of appeals confined its review to the allegations in the complaint, which did not reveal the earlier common pleas court ruling retaining jurisdiction over only Edith's R.C. 4123.59 claim. It held, contrary to the common pleas court's decision, that the dependency issues in Edith's R.C. 4123.60 and 4123.59 claims both invoked the right to participate and, therefore, were both appealable pursuant to R.C. 4123.512. With respect to Walter's R.C. 4123.60 claim, the court held that Robert's estate had no right to receive his accrued unpaid benefits because the estate could not establish dependency as a matter of law.

{¶ 5} Earlier this year, the Court of Appeals for Jefferson County issued *Liposchak v. Ohio Bur. of Workers' Comp.* (Mar. 23, 2000), Jefferson App. No. 98-JE-26, unreported, 2000 WL 310545, in which the Liposchaks challenged the Jefferson County Common Pleas Court's dismissal of Edith and Walter's R.C.

4123.60 claims and its subsequent grant of summary judgment against Edith in her R.C. 4123.59 claim. Since the dismissal of Edith and Walter's R.C. 4123.60 claims had been without prejudice, that court first determined that the dismissal order was not final and appealable. But the court also recognized the conflict between the Jefferson County Common Pleas Court and Franklin County Court of Appeals decisions in this case, so it additionally observed that Edith and Walter will be able to refile their R.C. 4123.60 claims if the outcome of their appeal to this court is favorable. The Jefferson County Court of Appeals further affirmed the summary judgment, holding that Edith had not established her dependency to the extent required in an R.C. 4123.59 death claim and that the statute did not violate the Equal Protection Clauses of the Ohio and United States Constitutions.

{¶ 6} The cause is now before this court upon an appeal as of right.

————————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy* and *Eric S. Bravo,* for appellants.

*Betty D. Montgomery*, Attorney General, and *Craigg E. Gould*, Assistant Attorney General, for appellee Industrial Commission.

————————————

**PFEIFER, J.**

{¶ 7} Two issues are presented for our review: (1) Can a claimant who was denied R.C. 4123.60 compensation for failure to show dependency appeal to the common pleas court pursuant to R.C. 4123.512 and (2) Can Robert's estate collect his accrued R.C. 4123.60 compensation For the reasons that follow, we hold that dependency issues do not invoke the basic right to participate in the workers' compensation system and, therefore, are not appealable. We further hold that a decedent's estate can be entitled to R.C. 4123.60 compensation that accrued but was not paid to the decedent. Accordingly, we reverse the dismissal of the Liposchak complaint and remand to the court of appeals for further proceedings.

Right to Participate

{¶ 8} Under R.C. 4123.512, claimants and employers can appeal Industrial Commission orders to a common pleas court only when the order grants or denies the claimant's right to participate. Determinations as to the extent of a claimant's disability, on the other hand, are not appealable and must be challenged in mandamus. *Thomas v. Conrad* (1998), 81 Ohio St.3d 475, 477, 692 N.E.2d 205, 207; *Felty v. AT&T Technologies, Inc.* (1992), 65 Ohio St.3d 234, 237, 602 N.E.2d 1141, 1144; *Zavatsky v. Stringer* (1978), 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, paragraph one of the syllabus.

{¶ 9} These principles seem simple enough, but distinguishing between appealable right-to-participate orders and nonappealable extent-of-disability orders, as we must do in this case, has never been easy. *Cook v. Mayfield* (1989), 45 Ohio St.3d 200, 202, 543 N.E.2d 787, 790. The task is even more difficult in this appeal because (1) Edith's estate has not argued in favor of her R.C. 4123.59 death benefit claim,[3] and (2) R.C. 4123.59 specifically provides for appeal under R.C. 4123.512, whereas R.C. 4123.60 explicitly forbids this appeal.[4]

{¶ 10} The court of appeals relied mainly on *State ex rel. Ross v. Indus. Comm.* (1998), 82 Ohio St.3d 411, 696 N.E.2d 585 ("*Ross I*"), from which the appellate court inferred that dependency represents "a" most basic right-to-participate issue. This suggests that the appeals court considered dependency just one of several issues appealable under R.C. 4123.512. But the discussion in *Ross I* actually referred to "the" basic right to participate. *Id.* at 414, 696 N.E.2d at 588. Though *Ross I* was reversed on reconsideration in *State ex rel. Ross v. Indus. Comm.* (1999), 84 Ohio St.3d 364, 703 N.E.2d 1276 ("*Ross II*"), *Ross II* reiterated

---

3. Presumably, Edith has not pursued this claim here because the Franklin County Court of Appeals and the Jefferson County Common Pleas Court agreed that that dependency dispute presented an appealable issue.

4. The complete texts of R.C. 4123.59 and 4123.60 appear in the appendix to this opinion.

that "only decisions involving a claimant's right to participate in the fund could be appealed." *Id.* at 367, 703 N.E.2d at 1278.

{¶ 11} The only right-to-participate question that is appealable is whether an employee's injury, disease, or death occurred in the course of and arising out of his or her employment. *Felty,* 65 Ohio St.3d 234, 602 N.E.2d 1141, at paragraph two of the syllabus; *Afrates v. Lorain* (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175, paragraph one of the syllabus; *State ex rel. Evans v. Indus. Comm.* (1992), 64 Ohio St.3d 236, 594 N.E.2d 609; and *Zavatsky,* 56 Ohio St.2d 386, 10 O.O.3d 503, 384 N.E.2d 693, paragraph one of the syllabus. When the answer to this question is "no," all compensation, expenses, and awards of every kind must be denied because the commission has no jurisdiction in such cases. *Lewis v. Trimble* (1997), 79 Ohio St.3d 231, 244, 680 N.E.2d 1207, 1217, citing 3 Larson, Workmen's Compensation Law (1996) 15-959 to 15-961, Section 80.41. When the answer is "yes," the claimant has cleared the first hurdle, and then may attempt to establish his or her extent of disability. It follows that these claimants may qualify based either on the extent of their own disability or the extent to which they were legally dependent on the injured employee. But either way, the issue is no longer whether the commission has jurisdiction to award benefits in the employee's case; the question instead becomes how much the system must pay. *Zavatsky,* 56 Ohio St.2d at 396, 10 O.O.3d at 509, 384 N.E.2d at 699.

{¶ 12} *Ross I* and *Ross II* applied the rule that the right to participate is invoked when it is determined that an employee has sustained an injury, disease, or death in the course of and arising out of employment. *Ross I* at 414-415, 696 N.E.2d at 588; *Ross II,* 84 Ohio St.3d at 367-368, 703 N.E.2d at 1278. *Ross II* went further, holding that when the commission finds merely that a particular type of employment caused an employee's injury, disease, or death, the employee's baseline right to participate has already been established and an order finding the wrong employer responsible is not appealable. *Id.* at 368-369, 703 N.E.2d at 1279.

According to *Ross II*, the identity of the responsible employer's identity can only be challenged in mandamus. *Id.* at 369, 703 N.E.2d at 1279.

{¶ 13} Thus, under our most recent precedent, any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue. From a logical standpoint, the rule is the same whether the claim is for accrued but unpaid compensation under R.C. 4123.60 or for death benefits under R.C. 4123.59.

{¶ 14} Unfortunately, the dispute in this case is not so easily settled because of the differing appeal provisions in R.C. 4123.60 and 4123.59. While R.C. 4123.60 is consistent with the rule that only the causal connection between an employee's condition and employment is appealable, R.C. 4123.59, which defines dependency, is not. Regarding claims for accrued but unpaid compensation, the last paragraph of R.C. 4123.60 provides:

"An order issued by the administrator under this section is appealable pursuant to section 4123.511 of the Revised Code [administrative appeal to the commission] but is *not* appealable to court under section 4123.512 of the Revised Code." (Emphasis added.)

{¶ 15} Regarding death benefits, R.C. 4123.59 specifies in its last paragraph:

"(E) An order issued by the administrator under this section *is* appealable pursuant to sections 4123.511 to 4123.512 of the Revised Code." (Emphasis added.)

{¶ 16} The court of appeals dismissed the last paragraph of R.C. 4123.60 as irrelevant to the question of appealability in this case because it precluded R.C. 4123.512 appeals from the *administrator*, but not from the *commission*. But as the Liposchaks argue, the *administrator's* allowance or disallowance of a claim is never appealable to common pleas court; R.C. 4123.512 authorizes appeal only for final *commission* orders. Furthermore, the similarity of these two closing paragraphs suggests legislative intent to distinguish the applicable appeal

procedures. In fact, the General Assembly enacted these provisions in 1993, the year after the *Felty, Evans,* and *Afrates* decisions in an apparent attempt to settle the matter. See 145 Ohio Laws, Part II, 2990, 3170-3171.

{¶ 17} In *State ex rel. Nicholson v. Copperweld Steel Co*. (1996), 77 Ohio St.3d 193, 672 N.E.2d 657, and *State ex rel. Yancey v. Firestone Tire & Rubber Co.* (1997), 77 Ohio St.3d 367, 673 N.E.2d 1374, we recently recognized mandamus as the sole means to enforce a claimant's right to accrued but unpaid compensation. The court of appeals distinguished *Nicholson* and *Yancey* because neither turned on dependency. Each case involved a widow whose dependency was unquestioned, seeking to establish her husband's eligibility for permanent total disability benefits, which is an accepted extent-of-disability issue. That aspect of the claims in *Nicholson* and *Yancey* differs from Edith's R.C. 4123.60 claim. However, the only appealable right-to-participate issue is whether an employee has contracted a disease or been injured or killed as a result of his or her employment; the extent to which a claimant is a dependent of that injured, sick, or deceased employee does not invoke the right to appeal under R.C. 4123.512.

{¶ 18} The determination that issues of dependency arising in an R.C. 4123.60 claim are not appealable does not resolve the related question that pervades this appeal—whether these same issues may be appealed in an R.C. 4123.59 claim. In the interest of consistency, we hold that they cannot. While these issues arguably fall under the broad heading of what may be appealed under R.C. 4123.59, we refuse to obscure the rule that R.C. 4123.512 permits only those appeals that concern whether the employee's injury, disease, or death occurred in the course of and arising out of his or her employment. We read R.C. 4123.59 *in pari materia* with R.C. 4123.512 and find that the latter statute restricts the appeals authorized by R.C. 4123.59. Accordingly, we hold that although death benefits may be granted or denied based on dependent status as defined in R.C. 4123.59, the denial or grant

of such benefits is not appealable unless it concerns the causal connection between injury, disease, or death and employment.

{¶ 19} Our decision, therefore, does more than simply overturn the judgment of the Franklin County Court of Appeals; it also undermines the Jefferson County Common Pleas Court's recognition of dependency as an appealable issue in Edith's death benefit claim. Under R.C. 4123.66(A), funeral expenses can be paid only "in case death ensues from the [employment-related] injury or occupational disease." By granting funeral expenses to Edith, the commission has effectively already determined the basic right to participate. Indeed, had the commission not concluded that Robert died as a result of his occupational disease, it would not have had jurisdiction to order any benefits at all.

Accrued Compensation

{¶ 20} Having found that R.C. 4123.60 dependency issues are not appealable under R.C. 4123.512, we turn to whether Robert's estate can collect the permanent partial and permanent total disability compensation that accrued but had not been paid to him before his death.

{¶ 21} In *State ex rel. Nossal v. Terex Div. of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747, syllabus, we held that the estates of deceased dependents can recover R.C. 4123.60 compensation to which the dependent was entitled from the State Insurance Fund. Thus, Walter, as executor of Robert's estate, reasonably asks why estates of workers should not be able to collect accrued compensation when the estates of dependents are able to collect. We see no reason for such an inequity. Accordingly, we follow *Nossal*, and hold that Robert's estate is entitled under R.C. 4123.60 to compensation that accrued to Robert, but had not been paid to him at the time of his death.

{¶ 22} The court of appeals' judgment dismissing the underlying complaint is reversed, and this cause is remanded to that court for further proceedings.

*Judgment reversed*

*and cause remanded.*

RESNICK, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.

MOYER, C.J., and COOK, J., concur in part and dissent in part.

_____

**COOK, J., concurring in part and dissenting in part.**

{¶ 23} At first, the majority states that only *two* issues are before us in this case—whether a claimant who was denied R.C. 4123.60 compensation for failure to show dependency may appeal under R.C. 4123.512, and whether Robert's estate may collect Robert's accrued R.C. 4123.60 compensation. But in addition to resolving these two questions, the majority also decides that issues of dependency arising under R.C. 4123.59 may not be appealed under R.C. 4123.512. I discuss these three distinct issues separately below.

I

{¶ 24} I agree with the majority's conclusion, in the first part of its opinion, that whether a claimant is an injured, sick, or deceased employee's dependent for purposes of R.C. 4123.60 is not an issue that is appealable to the common pleas court under R.C. 4123.512. But because R.C. 4123.60 expressly provides that orders issued thereunder are not appealable pursuant to R.C. 4123.512, there is no need for this court to justify this conclusion by distinguishing the nature of the order issued here from the types of orders that this court has previously deemed appealable under R.C. 4123.512. Orders issued by the administrator under R.C. 4123.60 *are* appealable under R.C. 4123.511. R.C. 4123.60. R.C. 4123.511 would, then, permit an appeal of the administrator's order to the district hearing officer (Division [C]), the staff hearing officer (Division [D]), and, finally, the commission (Division [E]). R.C. 4123.511(E) permits appeals from orders of the commission under Division (E) to be taken under R.C. 4123.512 *"[e]xcept as otherwise provided in this chapter."* (Emphasis added.) *R.C. 4123.60 expressly provides*

*otherwise*. Accordingly, though I concur with the majority's conclusion that an order denying benefits under R.C. 4123.60 is not appealable under 4123.512, the majority's discussion concerning whether dependency issues invoke the basic right to participate is gratuitous.

II

{¶ 25} I respectfully disagree with the majority's holding that appeals under R.C. 4123.59 must be treated the same as appeals under R.C. 4123.60. First, as the majority concedes, whether the denial of death benefits under R.C. 4123.59 is appealable under R.C. 4123.512 is not one of the two issues before the court in this case. Assuming, for the sake of argument, that the issue is properly before us, I am not persuaded by the majority's analysis. The majority ignores the express language of R.C. 4123.59—which *permits* appeals from R.C. 4123.59 orders to occur (eventually) under R.C. 4123.512—and concludes that such appeals are precluded solely in the "interest of consistency."

{¶ 26} As I noted, *supra*, the General Assembly knew how to expressly permit administrative appeals to occur under R.C. 4123.511, but then to preclude the appeal of commission orders resulting therefrom to the common pleas court under R.C. 4123.512. It did precisely that in R.C. 4123.60. In R.C. 4123.59, however, the General Assembly apparently intended to permit orders issued by the administrator under that section to be appealed administratively under R.C. 4123.511, *and then to the common pleas court under R.C. 4123.512.* R.C. 4123.59(E) provides that "[a]n order issued by the administrator under this section is appealable pursuant to sections 4123.511 to 4123.512 of the Revised Code." So, once the administrator issues an order under R.C. 4123.59, that order may be appealed administratively under R.C. 4123.511 to the district hearing officer (Division [C]), the staff hearing officer (Division [D]), and, finally, to the commission (Division [E]). The commission's order could, then, be appealed under R.C. 4123.512—for unlike R.C. 4123.60, 4123.59 does not "otherwise provide"

that an appeal under R.C. 4123.512 is precluded. The majority asserts no legal basis for its conclusion that the appellate procedures under R.C. 4123.59 and 4123.60 must be entirely consistent.

### III

{¶ 27} I must also respectfully dissent from the majority's reliance on our *Nossal* case, in the second part of its opinion, to justify its holding that Robert's estate may recover Robert's accrued but unpaid compensation under R.C. 4123.60. Our *Nossal* syllabus provides only that "*[w]here the commission awards death benefits to the surviving spouse of a deceased employee*, but the spouse dies *before the funds are disbursed*, accrued benefits *for the period between the deceased employee's death and the spouse's death* shall be paid to the spouse's estate." (Emphasis added.) *State ex rel. Nossal v. Terex Div. of I.B.H.* (1999), 86 Ohio St.3d 175, 712 N.E.2d 747, syllabus. In *Nossal*, the worker's sole dependent *had actually been awarded* $298 per week in benefits, but died before those funds were disbursed. Because the award had already vested in the worker's dependent, we permitted the dependent's estate to recover the benefits that the dependent would have received—but for administrative delays—during the limited period between the worker's death and her own. *Nossal* thus only permits a dependent's estate to recover where an award to the worker's dependent has actually vested in that dependent prior to the dependent's death. *Nossal* does not support the majority's much broader holding that a worker's estate can actually collect accrued/unpaid benefits itself under R.C. 4123.60.

{¶ 28} Here, unlike the situation we confronted in *Nossal*, no dependent of Robert has been deemed eligible to receive accrued/unpaid benefits. No R.C. 4123.60 award has vested yet been administratively delayed. Moreover, any right to the receipt of accrued/unpaid benefits under R.C. 4123.60 is the right of a "dependent," and Robert's estate cannot itself qualify as a "dependent" under R.C. 4123.60. Dependents are "person[s]" such as surviving spouses and children who

either partly, wholly, or prospectively relied on the deceased worker for maintenance and support. See R.C. 4123.59(C) and (D). A deceased worker's estate is no such "person." A deceased worker's estate is an aggregate comprising the assets and liabilities of the decedent. See Black's Law Dictionary (7 Ed.1999) 567. *Individual beneficiaries* of a deceased worker's estate could seek to recover accrued/unpaid benefits as dependents, upon satisfactory proof to the administrator of their status as dependents under R.C. 4123.60. But a worker's *estate* cannot be said to have relied on the worker for maintenance and support—even prospectively—for the estate does not even exist as a legal construct until the worker is deceased. We have recognized this distinction before. Seventy years ago, this court held that a dependent (or personal representative thereof) could maintain an action for the unpaid balance of an award, but "not * * * the administrator of the decedent." *Bozzelli v. Indus. Comm.* (1930), 122 Ohio St. 201, 207, 171 N.E. 108, 110.

MOYER, C.J., concurs in the foregoing opinion.

---

**APPENDIX**

R.C. 4123.59 provides:

"In case an injury to or an occupational disease contracted by an employee causes his death, benefits shall be in the amount and to the persons following:

"(A) If there are no dependents, the disbursements from the state insurance fund is [*sic*] limited to the expenses provided for in section 4123.66 of the Revised Code.

"(B) If there are wholly dependent persons at the time of the death, the weekly payment is sixty-six and two-thirds per cent of the average weekly wage, but not to exceed a maximum aggregate amount of weekly compensation which is equal to sixty-six and two-thirds per cent of the

statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and not in any event less than a minimum amount of weekly compensation which is equal to fifty per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, regardless of the average weekly wage; provided however, that if the death is due to injury received or occupational disease first diagnosed after January 1, 1976, the weekly payment is sixty-six and two-thirds per cent of the average weekly wage but not to exceed a maximum aggregate amount of weekly compensation which is equal to the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code; provided that when any claimant is receiving total disability compensation at the time of death the wholly dependent person is eligible for the maximum compensation provided for in this section. Where there is more than one person who is wholly dependent at the time of the death of the employee, the administrator of workers' compensation shall promptly apportion the weekly amount of compensation payable under this section among the dependent persons as provided in division (D) of this section.

"(1) The payment as provided in this section shall continue from the date of death of an injured or disabled employee until the death or remarriage of such dependent spouse. If the dependent spouse remarries, an amount equal to two years of compensation benefits at the weekly amount determined to be applicable to and being paid to the dependent spouse shall be paid in a lump sum to such spouse and no further compensation shall be paid to such spouse.

"(2) That portion of the payment provided in division (B) of this section applicable to wholly dependent persons other than a spouse shall continue from the date of death of an injured or disabled employee to a

14

dependent as of the date of death, other than a spouse, at the weekly amount determined to be applicable and being paid to such dependent other than a spouse, until he:

"(a) Reaches eighteen years of age;

"(b) If pursuing a full time educational program while enrolled in an accredited educational institution and program, reaches twenty-five years of age;

"(c) If mentally or physically incapacitated from having any earnings, is no longer so incapacitated.

"(C) If there are partly dependent persons at the time of the death the weekly payment is sixty-six and two-thirds per cent of the employee's average weekly wage, not to exceed sixty-six and two-thirds per cent of the statewide average weekly wage as defined in division (C) of section 4123.62 of the Revised Code, and shall continue for such time as the administrator in each case determines.

"(D) The following persons are presumed to be wholly dependent for their support upon a deceased employee:

"(1) A surviving spouse who was living with the employee at the time of death or a surviving spouse who was separated from the employee at the time of death because of the aggression of the employee;

"(2) A child under the age of eighteen years, or twenty-five years if pursuing a full-time educational program while enrolled in an accredited educational institution and program, or over said age if physically or mentally incapacitated from earning, upon only the one parent who is contributing more than one-half of the support for such child and with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death.

"It is presumed that there is sufficient dependency to entitle a surviving natural parent or surviving natural parents, share and share alike, with whom the decedent was living at the time of his death, to a total minimum award of three thousand dollars.

"The administrator may take into consideration any circumstances which, at the time of the death of the decedent, clearly indicate prospective dependency on the part of the claimant and potential support on the part of the decedent. No person shall be considered a prospective dependent unless such person is a member of the family of the deceased employee and bears to him the relation of surviving spouse, lineal descendant, ancestor, or brother or sister. The total award for any or all prospective dependency to all such claimants, except to a natural parent or natural parents of the deceased, shall not exceed three thousand dollars to be apportioned among them as the administrator orders.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employee, but no person shall be considered as dependent unless such person is a member of the family of the deceased employee, or bears to him the relation of surviving spouse, lineal descendant, ancestor, or brother or sister.

"(E) An order issued by the administrator under this section is appealable pursuant to sections 4123.511 to 4123.512 of the Revised Code."

R.C. 4123.60 provides:

"Benefits in case of death shall be paid to such one or more of the dependents of the decedent, for the benefit of all the dependents as the administrator of workers' compensation determines. The administrator may apportion the benefits among the dependents in such manner as he deems just and equitable. Payment to a dependent subsequent in right may be

16

made, if the administrator deems it proper, and operates to discharge all other claims therefor. The dependents or person to whom benefits are paid shall apply the same to the use of the several beneficiaries thereof according to their respective claims upon the decedent for support, in compliance with the finding and direction of the administrator.

"In all cases of death where the dependents are a surviving spouse and one or more children, it is sufficient for the surviving spouse to apply to the administrator on behalf of the spouse and minor children. In cases where all the dependents are minors, a guardian or next friend of such minor dependents shall apply.

"In all cases where an award had been made on account of temporary, or permanent partial, or total disability, in which there remains an unpaid balance, representing payments accrued and due to the decedent at the time of his death, the administrator may, after satisfactory proof has been made warranting such action, award or pay any unpaid balance of such award to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the administrator determines in accordance with the circumstances in each such case. If the decedent would have been lawfully entitled to have applied for an award at the time of his death the administrator may, after satisfactory proof to warrant an award and payment, award and pay an amount, not exceeding the compensation which the decedent might have received, but for his death, for the period prior to the date of his death, to such of the dependents of the decedent, or for services rendered on account of the last illness or death of such decedent, as the administrator determines in accordance with the circumstances in each such case, but such payments may be made only in cases in which application for compensation was made in the manner

required by this chapter, during the lifetime of such injured or disabled person, or within one year after the death of such injured or disabled person.

"An order issued by the administrator under this section is appealable pursuant to section 4123.511 of the Revised Code but is not appealable to court under section 4123.512 of the Revised Code."