[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1251.]

HOOK; GENTIS, EXR., APPELLANT, *v*. CITY OF SPRINGFIELD ET AL., APPELLEES.

[Cite as *Hook v. Springfield*, 2002-Ohio-1490.]

*Appeal dismissed as improvidently allowed.*

(No. 01-519—Submitted February 26, 2002—Decided April 3, 2002.)

APPEAL from the Court of Appeals for Clark County, No. 2000CA71.

———————————

{¶ 1} The cause is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

RESNICK and PFEIFER, JJ., dissent.

———————————

**PFEIFER, J., dissenting.**

{¶ 2} I dissent from the majority's decision to declare that jurisdiction in this case was improvidently allowed. Frederick E. Hook's claim for benefits that were allegedly owed him should not terminate because he died. See *State ex rel. Liposchak v. Indus. Comm.* (2000), 90 Ohio St.3d 276, 737 N.E.2d 519. If the Industrial Commission had allowed his claim before his death, Hook would have received benefits. Why then, if the Industrial Commission improperly denied benefits, should Hook's estate not be entitled to benefits through the day of his death? I would reverse the judgment of the court of appeals and allow the continuance of the action by the estate.

{¶ 3} Claimants already face significant structural delays because of the appeals process, and, as in this case, some of them die before the process is complete. Although no wrongdoing was alleged in this case, I am troubled that the Industrial Commission continues to have an incentive to engage in delaying tactics

while waiting for a claimant to die. See *State ex rel. Johnston v. Ohio Bur. of Workers' Comp.* (2001), 92 Ohio St.3d 463, 751 N.E.2d 974.  I dissent.

RESNICK, J., concurs in the foregoing dissenting opinion.

————————————

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy, Marc J. Jaffy* and *Alan D. Eakins*, for appellant.

*Robin B. DeBell*, Law Director, for appellee city of Springfield.

*Betty D. Montgomery*, Attorney General, and *Dennis H. Behm*, Assistant Attorney General, for appellee Bureau of Workers' Compensation.

*Barry M. Byron* and *Stephen L. Byron*, urging affirmance for *amicus curiae* Ohio Municipal League.

————————————