OPINION
{¶ 1} This appeal emanates from a final judgment of the Trumbull County Court of Common Pleas. Appellants, the Ohio Industrial Commission and James Conrad, the Administrator of the Bureau of Workers' Compensation, seek the reversal of the trial court's decision to grant summary judgment in favor of appellees, Karen S. and Reed T. Battin, on their entire workers' compensation complaint.[1] For the following reasons, this court concludes that the trial court did not err in holding that appellees are entitled to participate in the workers' compensation fund.
{¶ 2} Karen Battin is the widow of Thomas R. Battin. In 1985, Thomas sustained serious injuries in an automobile accident which occurred during the course of his employment as a Trumbull County Commissioner. Specifically, he suffered head injuries which subsequently rendered him semicomatose and noncommunicative. In light of these injuries, Thomas was never able to work again and, accordingly, was awarded workers' compensation benefits for multiple conditions.
{¶ 3} After living in an institution for eleven years, Thomas died in October 1996. One year later, Karen received certain information stating that her husband had been blind in his right eye prior to his death. She also subsequently learned that the blindness may have directly resulted from the injuries he had suffered in the accident. Because no worker's compensation benefits had ever been paid to Thomas for the blindness, Karen submitted a new claim for benefits on behalf of Thomas, herself, and their son, Reed.
{¶ 4} Karen's new claim was denied at each level of administrative review before the Industrial Commission. In March 1999, Karen then submitted a timely notice of appeal from the final administrative decision to the court of common pleas. In her subsequent complaint for compensation, Karen named the Trumbull County Auditor, the Industrial Commission, and James Conrad as the defendants in the matter. Her complaint alleged that she, Thomas, and Reed were each entitled to receive benefits on the basis of the newly discovered condition.
{¶ 5} After engaging in minimal discovery, both sides to the action moved the trial court for summary judgment on the entire complaint. In her motion, Karen simply maintained that she and the other two claimants were entitled to participate in the fund because the loss of sight in Thomas' right eye had been directly caused by the automobile accident. In support of her argument, she attached to her motion the affidavit of a physician who had examined Thomas after the accident.
{¶ 6} In responding to Karen's motion, appellants, the Industrial Commission and James Conrad, did not attempt to refute Karen's "causation" argument. Instead, appellants argued that benefits could not be paid for the eye condition because any claim for benefits would have abated upon Thomas' death. Similarly, in their separate motion for summary judgment, appellants again asserted that they were entitled to prevail on the entire complaint for benefits because the failure to file a claim for the eye condition prior to Thomas' death had extinguished any right to participate for that condition.
{¶ 7} In June 2000, the trial court issued a judgment in which it granted summary judgment in favor of appellants as to the entire complaint. In regard to Thomas' separate claim, the trial court accepted appellants' argument and concluded that Thomas' right to participate for the eye condition had abated on his death. As to the claims of Karen and Reed, the court held that since Karen's request for new benefits had not been filed until eighteen months following Thomas' death, these two claims were barred under the applicable one-year statute of limitations.
{¶ 8} Karen appealed the foregoing judgment on behalf of herself, Thomas, and Reed. In Battin v. Trumbull Cty. (Apr. 24, 2001), 11th Dist. No. 2000-T-0091, this court affirmed the trial court's decision as to the viability of Thomas' separate claim. However, regarding Karen and Reed, we held that the trial court had erred in granting judgment on their two specific claims because appellants had waived the "statute of limitations" defense by failing to assert it in their summary judgment motion. We further held that although Thomas' death had foreclosed Karen's ability to pursue a claim on his behalf, his death had not affected the viability of her and Reed's claims based upon the eye condition.
{¶ 9} As part of her appellate brief in the original appeal, Karen raised the issue of whether R.C. 4123.57(B) unconstitutionally limited the scope of injuries for which surviving spouses and dependents can recover following the death of the original claimant. This court declined to address this particular issue because it had not been considered by the trial court. Accordingly, we remanded the case so that the trial court could consider Karen's constitutional argument and any other issue raised in her summary judgment motion.
{¶ 10} Upon remand, Karen and Reed, appellees, submitted a supplemental motion for summary judgment, in which they reasserted their argument as to the constitutionality of R.C. 4123.57(B). In responding to the new motion, appellants did not address the constitutional issue; instead, they again asserted that since Thomas had never filed a claim for his eye condition prior to his death, no new claim regarding this condition could be maintained by his survivors. In submitting the foregoing two documents to the trial court, neither side submitted any new evidentiary materials.
{¶ 11} In March 2002, the trial court issued a second judgment in which it granted appellees' supplemental motion for summary judgment. Regarding appellants' "abatement" argument, the trial court noted that this court had expressly rejected this argument in the prior appeal. As to appellees' constitutional argument, the trial court began its analysis by noting that R.C. 4123.57(B) permits surviving spouses and dependents to receive benefits for a work-related injury to deceased claimants only when the injury involved a loss of a limb. Upon finding that there was no logical reason for the statute to distinguish between a "loss of limb" injury and other types of injuries, the trial court concluded that the statute was unconstitutional because it violated appellees' right to equal protection. As a result, the trial court ultimately held that appellees were entitled to participate in the workers' compensation fund on the basis of Thomas' eye condition.
{¶ 12} In now appealing from this second judgment, appellants have assigned the following as error:
 {¶ 13} "The trial court erred in granting summary judgment when there is not a claim for loss of sight."
{¶ 14} Under this sole assignment, appellants have raised two arguments for our review. In their first argument, appellants assert that summary judgment should not have been granted in appellees' favor because they never stated viable claims for benefits. Specifically, they argue that appellees cannot be entitled to benefits for the eye condition because Thomas himself never filed a claim on this basis before he died in October 1996. Stated differently, it is appellants' position that once Thomas' claim on the eye condition had abated as a result of his death, appellees also lost their ability to recover on that basis.
{¶ 15} As appellees correctly note, appellants expressly asserted the foregoing argument in their motion for summary judgment and their response to appellees' original summary judgment motion. In its first judgment on the summary judgment motions, the trial court addressed appellants' abatement argument and specifically held that it lacked merit as to Karen's and Reed's claims. In the first appeal before this court, we upheld the trial court's decision on this particular point:
 {¶ 16} "Our review of the relevant case law indicates that the trial court's holding on this particular issue was correct. In State ex rel. Nicholson v. Copperweld Steel Co. (1996), 77 Ohio St.3d 193, the Supreme Court of Ohio stated that the surviving spouse of a deceased claimant cannot `step into the shoes' of the claimant for the purpose of pursuing his specific claim after his death. However, the court further stated that, under R.C. 4123.60, the dependents of the claimant still have a right to pursue their own individual claims predicated upon the injury to the claimant.
 {¶ 17} "As a result, the trial court was correct in holding that Thomas' death did not bar the claims of Karen and Reed Battin." Battin, supra, at 7.
{¶ 18} Given that this court fully reviewed the abatement issue in our first opinion in this case, the "law of the case" doctrine would be applicable. Under this doctrine, a decision of an appellate court on a legal issue is binding upon the parties in all subsequent proceedings before the trial court and appellate court. Palinkas v. Allstate Ins.Co., 11th Dist. No. 2001-L-059, 2002-Ohio-2821. Thus, in light of our prior holding that Thomas' death had no effect upon the viability of appellees' claims, appellants cannot relitigate this specific point.
{¶ 19} Furthermore, we would note that the Supreme Court's decision in Nicholson is still binding authority in this state. In his brief presently before us, appellants have not tried to argue that we misinterpreted Nicholson in our first opinion. As a result, appellants' first argument does not raise a viable issue for reversing the decision of the trial court.
{¶ 20} In their second argument under their sole assignment, appellants assert that if their abatement argument is rejected, they should be given the opportunity to submit evidence to the jury concerning whether Thomas' loss of sight in his right eye was attributable to the automobile accident. As to this point, our review of the trial record shows that appellees attached to their original summary judgment motion the affidavit of Dr. Nigel K. Newman. In this affidavit, Newman averred that, based upon his observations of Thomas, it was his medical opinion that the loss of sight in Thomas' right eye was directly caused by the head injuries he had suffered in the accident. In responding to appellees' original and supplemental summary judgment motion, appellants never presented any evidentiary materials which would call into dispute Newman's statement on the causation issue.
{¶ 21} If the moving party in a summary judgment exercise supports her motion with proper evidentiary materials, she will be entitled to prevail on her motion if the nonmoving party does not submit sufficient evidentiary material in response to raise a genuine issue of fact. Evansv. PHTG, Inc., 11th Dist. No. 2001-T-0054, 2002-Ohio-3381. In this case, by failing to properly respond to appellees' first summary judgment motion, appellants consequently also failed to raise a factual dispute as to whether Thomas' eye condition had been caused by his work-related accident. Under these circumstances, appellants are not entitled to have the opportunity to submit evidence to a jury on the causation issue because they failed to properly demonstrate that appellees were not entitled to summary judgment on that particular issue.
{¶ 22} As a general proposition, dependents of a deceased employee are entitled to participate in the workers' compensation fund if the employee's injury occurred during, or arose from, his employment. See, e.g., State ex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276. Therefore, the plaintiff in a workers' compensation appeal before a court of common pleas is entitled to summary judgment on her complaint if she can show that: (1) there are no genuine issues of material fact in regard to whether the injury occurred during the employment; (2) the nature of the evidentiary materials is such that, even when those materials are construed in a manner most favorable to the nonmoving party, a reasonable person could only reach a conclusion adverse to the nonmoving party; and (3) the plaintiff is entitled to judgment as a matter of law. See Civ.R. 56(C); Spatar v. Avon Oaks Ballroom, 11th Dist. No. 2001-T-0059, 2002 Ohio App. LEXIS 2360.
{¶ 23} In the instant action, appellees presented undisputed evidentiary materials showing that: (1) Thomas Battin suffered serious intracranial injuries in the 1985 accident; (2) as a result of these injuries, Thomas was unable to close his right eyelid during the remainder of his life; and (3) in turn, the inability to close the eyelid caused scarring of the cornea, leading to the loss of sight. Because these facts are sufficient to establish that the loss of sight arose from Thomas' prior employment, the trial court did not err in granting summary judgment in favor of appellees on their claim to participate in the workers' compensation fund.
{¶ 24} As an aside, we would note that, although the appealed judgment contained a considerable discussion concerning the constitutionality of R.C. 4123.57(B), appellants have not raised an argument on this issue in their brief. Thus, it is not necessary for us to review that point.
{¶ 25} Pursuant to the foregoing discussion, this court concludes that both arguments raised by appellants fail to demonstrate that the trial court erred in granting summary judgment in favor of appellees. Accordingly, since appellants' sole assignment of error lacks merit, the judgment of the trial court is affirmed.
JOSEPH J. VUKOVICH, J., Seventh Appellate District, sitting by assignment, DIANE KARPINSKI, J., Eighth Appellate District, sitting by assignment, concur.
[1] Throughout the underlying proceedings, Karen Battin acted on behalf of both herself and Reed Battin. Accordingly, the statement of facts in this opinion shall refer solely to her in indicating the series of events which occurred before the trial court.