OPINION
{¶ 1} Appellant, AutoZone, Inc., appeals the decision of the Madison County Court of Common Pleas dismissing AutoZone's appeal for want of jurisdiction. We reverse and remand the decision.
 {¶ 2} Appellee, George S. Mercer, was injured in the course and scope of his employment at AutoZone. On July 7, 1997, Mercer was loading car batteries on a cart when he experienced pain in his lower back. Mercer filed an Ohio workers' compensation claim for his injury. The Industrial Commission approved his claim for lumbar sprain and disc herniation. On June 25, 2001, the Industrial Commission also approved a claim for an adjustment disorder with depression. The appeal from that decision was refused on July 20, 2001, and received by AutoZone on July 25, 2001.
 {¶ 3} On February 28, 2001, Mercer moved for authorization for additional diagnostic testing. A hearing was held before the Industrial Commission and on August 10, 2001, a decision was issued authorizing Mercer to undergo a magnetic resonance imaging scan ("MRI"), an electromyographic scan ("EMG"), and x-rays of his lumbar region.
 {¶ 4} AutoZone filed a notice of appeal in the Madison County Court of Common Pleas on September 24, 2001. The notice stated that AutoZone was appealing the Industrial Commission's August 10, 2001 decision. Mercer moved to dismiss the notice of appeal because the August 10, 2001, decision pertained to treatments. Decisions regarding treatments are not appealable to a court of common pleas. However, AutoZone moved to correct typographical/clerical errors in the notice of appeal. AutoZone alleged that it actually intended to appeal the Industrial Commission's June 25, 2001 decision. The June 25, 2001 decision allowed Mercer's claim for adjustment disorder with depression and was the decision AutoZone attached to its notice of appeal. The trial court granted AutoZone's motion to correct the error. Furthermore, the corrected notice of appeal was "deemed accepted and filed as of the date of the entry" by the trial court on November 19, 2001.
 {¶ 5} After receiving the decision that the notice of appeal was deemed accepted, AutoZone anticipated the receipt of a petition from Mercer containing a statement of facts in ordinary and concise language showing cause to continue to participate in the fund, as required pursuant to R.C. 4123.512. Mercer never filed a petition. Mercer contends he did not file a petition because he did not receive a copy of the entry deeming the notice of appeal accepted and filed. However, Mercer did file a petition combined with a motion to dismiss on October 19, 2001, before the corrected notice of appeal was deemed accepted.
 {¶ 6} On January 22, 2002, the court issued an entry stating, "[t]he within cause be and is dismissed for want of jurisdiction. Judgment is entered accordingly at Plaintiff's costs." However, the caption referred to AutoZone as plaintiff. In workers' compensation appeals, regardless of which party files an appeal to common pleas court, the employee is the plaintiff pursuant to R.C. 4123.512. Therefore, the court's decision lacked clarity.
 {¶ 7} AutoZone appeals the decision raising a single assignment of error:
 {¶ 8} "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT ACCEPTING JURISDICTION OVER THIS APPEAL AND IN NOT GRANTING AUTOZONE'S MOTION FOR RELIEF FROM JUDGMENT."
 {¶ 9} AutoZone argues that once its appeal was deemed appropriate, nunc pro tunc, "the trial court had jurisdiction over the appeal, and should have ordered Mercer to show good cause or excusable neglect for failing to file a petition pursuant to R.C.4123.512(D)."[1]
 {¶ 10} Under R.C. 4123.512, employers and employees can appeal Industrial Commission orders to a common pleas court. See State ex rel.Liposchak et al. v. Industrial Commission of Ohio, 90 Ohio St.3d 276,278-279, 2000-Ohio-73. Appeals under R.C. 4123.512 are a mixture of administrative appeals and lawsuits under the Ohio Rules of Civil Procedure. The ultimate trier of fact is expected to be a jury in the county where the employee worked. Cassidy v. Conrad (Mar. 16, 2000), Franklin App. No. 99AP-603 at 2.
 {¶ 11} In Fisher v. Mayfield (1987), 30 Ohio St.3d 8, paragraph two of the syllabus, the Supreme Court of Ohio held:
 {¶ 12} "Substantial compliance for jurisdictional purposes occurs when a timely notice of appeal filed pursuant to R.C. 4123.519 includes sufficient information, in intelligible form, to place on notice all parties to a proceeding that an appeal has been filed from an identifiable final order which has determined the parties' substantive rights and liabilities." In this regard, the supreme court indicated that the statute sets forth five elements to be included in a notice of appeal, e.g., the names of the employee and employer, the number of the claim, the date of the decision appealed from, and the fact that the appellant appeals therefrom. Id. at 9.
 {¶ 13} Furthermore, courts have been arguably quite lenient in interpreting whether filings actually contain the requisite five factors. In Karnofel v. Cafaro Management Co. (June 26, 1998), Trumbull App. No. 97-T-0072, the Eleventh District Court of Appeals held that a notice of appeal sufficiently complied with R.C. 4123.512 when the order appealed from, containing the claim number and date of decision, was attached as an exhibit to a pleading rather than set forth and identified in a pleading. In Wells v. Chrysler (1984), 15 Ohio St.3d 21, the Supreme Court of Ohio held that the purpose of the notice of appeal was to place the parties on notice that an appeal was being taken. Thus, so long as a timely notice of appeal is filed, any omissions to the jurisdictional requirements is reviewed to determine whether an omission was essential in providing appropriate notice. See Wethington v. University of Cincinnati Hosp. (Apr. 9, 1999), Hamilton App. No. C-980656, at 2.
 {¶ 14} AutoZone's appeal contained the names of the employee and employer, the number of the claim, and the fact that the action is an appeal therefrom. While the date of the decision appealed from was in error on the notice, the correct date appeared on a copy of the decision which was attached to the notice of appeal. Furthermore, the trial court allowed AutoZone to correct the date in error and the trial court deemed the appeal "accepted and filed as of the date of the entry." Therefore, we conclude that AutoZone substantially complied with the jurisdictional requirements of R.C. 4123.512(B) and AutoZone's notice of appeal was sufficient notification to the parties that an appeal was being taken.
 {¶ 15} Under R.C. 4123.512, only orders that grant or deny the employee's right to participate can be appealed to a court of common pleas. See State ex rel. Liposchak v. Indus. Comm., 90 Ohio St.3d 276,278-279, 2000-Ohio-73. AutoZone claims that the trial court dismissed for want of jurisdiction because Mercer did not file a petition after AutoZone's notice of appeal was deemed accepted. AutoZone argues the corrected notice of appeal seeks to appeal the June 25, 2001 order. That order allowed Mercer's claim for an adjustment disorder with depression. AutoZone argues the June 25, 2001 order grants or denies the employee's right to participate, therefore the court of common pleas has jurisdiction.
 {¶ 16} Mercer argues the trial court held that it lacked jurisdiction because it considered his combined motion to dismiss and petition and found that AutoZone's notice of appeal attempts to appeal the August 10, 2001 decision regarding treatments. Mercer argues that since decisions regarding treatments are not appealable to a court of common pleas, the case was dismissed. Furthermore, Mercer argues the notice of appeal failed to place him on sufficient notice as to the particular order being appealed.
 {¶ 17} The Ohio Supreme Court held that "the only right-to-participate question that is appealable is whether an employee's injury or disease occurred in the course of and arising out of his or her employment." State ex rel. Liposchak at 279. A decision allowing an additional psychological condition is a decision entitling an employee to participate. See Anderson v. Sonoco Products Co. (1996),112 Ohio App.3d 305, 307; Bailey v. Republic Engineered Steels, Inc.,91 Ohio St.3d 38, 42, 2001-Ohio-236. Therefore, decisions allowing an additional psychological condition are appealable to a court of common pleas.
 {¶ 18} AutoZone's corrected notice of appeal seeks to appeal the June 25, 2001 order which allowed Mercer's adjustment disorder with depression. The order does not pertain to treatments. The order pertains to the employee's right to participate. AutoZone's notice of appeal was sufficient to give Mercer notice since it contained the names of the employee and employer, the number of the claim, the fact that the action is an appeal, and a copy of the decision being appealed was attached to the notice of appeal. Therefore, the court of common pleas had jurisdiction to hear the matter.
 {¶ 19} R.C. 4123.512(D) mandates that the "claimant shall, within thirty days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing cause to participate or continue to participate in the fund and setting forth the basis for the jurisdiction of the court over the action." Mercer did not file a petition within 30 days after the notice of appeal was filed, rather the trial court erroneously granted Mercer's motion to dismiss, obviating the need for the petition.
 {¶ 20} Since AutoZone's appeal substantially complied with the jurisdictional requirements of R.C. 4123.512(B), was "deemed accepted and filed as of the date of the entry," and appealed an order granting an employee's right to participate, the trial court had jurisdiction to hear the case. AutoZone's assignment of error is well-taken. Therefore, the cause is remanded to allow AutoZone's appeal and to allow Mercer to file an amended petition to AutoZone's appeal, pursuant to R.C. 4123.512(D).
Judgment reversed and remanded.
POWELL, P.J., and YOUNG, J., concur.
[1] The failure to file a petition results in the claimant's failure to carry the burdens of R.C. 4123.512(D), and renders the claim subject to dismissal pursuant to Civ.R. 41(B)(1). See Zindle v. Roadway Exp., Inc.
(Feb. 24, 1999), Summit App. No. 19232, at 4. Pursuant to Civ.R. 41(B)(1), "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.