THE STATE EX REL. VANSUCH, APPELLEE, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Vansuch v. Indus.
Comm.* (1998), 83 Ohio St.3d 558.]

(No. 96–957—Submitted September 29, 1998—Decided November 10, 1998.)

Elliott, Heller, Maas, Moro & Magill Co., L.P.A., and C. Douglas Ames, for appellee.

Betty D. Montgomery, Attorney General, Mary Ann O. Rini and Mark E. Mastrangelo, Assistant Attorneys General, for appellant.

---

**Per Curiam.** The issue presented today was decided previously in State ex rel. Liposchak v. Indus. Comm. (1995), 73 Ohio St.3d 194, 652 N.E.2d 753. We find that the court of appeals correctly applied Liposchak in this case, and, accordingly, we affirm the judgment of that court.

Judgment affirmed.

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

LUNDBERG STRATTON, J., dissenting. I respectfully dissent for the reasons set forth in Justice Cook's dissenting opinion in *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 196–197, 652 N.E.2d 753, 755–756. This claimant is not eligible for benefits for permanent total disability ("PTD") according to this court's guidelines in *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, paragraph two of the syllabus. Vansuch voluntarily retired from the workforce more than ten years prior to his application for PTD benefits and never reentered the job market. While he may have a valid medical reason for seeking PTD benefits, he has abandoned the job market and therefore has no loss of future wages. Thus, he has no basis for receiving PTD benefits. See *State ex rel. Liposchak,* 73 Ohio St.3d at 197, 652 N.E.2d at 756 (Cook, J., dissenting).

MOYER, C.J., concurs in the foregoing dissenting opinion.