[This opinion has been published in *Ohio Official Reports* at 83 Ohio St.3d 558.]

THE STATE EX REL. VANSUCH, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as *State ex rel. Vansuch v. Indus. Comm.*, 1998-Ohio-24.]

*Workers' compensation—Application for permanent total disability compensation—Claimant diagnosed with asbestosis—Industrial Commission errs in denying compensation when claimant suffers from a condition with an extremely long latency period.*

(No. 96-957—Submitted September 29, 1998—Decided November 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD08-1018.

————————————

{¶ 1} Appellee-claimant, John Vansuch, worked for forty years as a layout man with Wean United, Inc. During that time, claimant was exposed to asbestos. In 1981, claimant took nondisability retirement and never worked again.

{¶ 2} In 1991, claimant was diagnosed with asbestosis. He filed a workers' compensation claim with appellant, Industrial Commission of Ohio, which allowed the claim for asbestosis. In 1992, he moved for permanent total disability compensation ("PTD"), accompanying his motion with evidence that he was no longer capable of any sustained remunerative employment. That application was denied based on claimant's earlier, nondisability retirement.

{¶ 3} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying him PTD. The court of appeals agreed, citing *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 652 N.E.2d 753, and ordered the commission to find claimant permanently and totally disabled.

{¶ 4} This cause is now before this court upon an appeal as of right.

————————————

*Elliott, Heller, Maas, Moro & Magill Co., L.P.A.*, and *C. Douglas Ames*, for appellee.

*Betty D. Montgomery*, Attorney General, *Mary Ann O. Rini* and *Mark E. Mastrangelo*, Assistant Attorneys General, for appellant.

————————————

***Per Curiam.***

{¶ 5} The issue presented today was decided previously in *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 652 N.E.2d 753. We find that the court of appeals correctly applied *Liposchak* in this case, and, accordingly, we affirm the judgment of that court.

*Judgment affirmed.*

D<small>OUGLAS</small>, R<small>ESNICK</small>, F.E. S<small>WEENEY</small>, P<small>FEIFER</small> and C<small>OOK</small>, JJ., concur.

M<small>OYER</small>, C.J., and L<small>UNDBERG</small> S<small>TRATTON</small>, J., dissent.

————————————

**L<small>UNDBERG</small> S<small>TRATTON</small>, J., dissenting.**

{¶ 6} I respectfully dissent for the reasons set forth in Justice Cook's dissenting opinion in *State ex rel. Liposchak v. Indus. Comm.* (1995), 73 Ohio St.3d 194, 196-197, 652 N.E.2d 753, 755-756. This claimant is not eligible for benefits for permanent total disability ("PTD") according to this court's guidelines in *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, paragraph two of the syllabus. Vansuch voluntarily retired from the workforce more than ten years prior to his application for PTD benefits and never reentered the job market. While he may have a valid medical reason for seeking PTD benefits, he has abandoned the job market and therefore has no loss of future wages. Thus, he has no basis for receiving PTD benefits. See *State ex rel. Liposchak*, 73 Ohio St.3d at 197, 652 N.E.2d at 756 (Cook, J., dissenting).

M<small>OYER</small>, C.J., concurs in the foregoing dissenting opinion.

————————————

2