[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 367.]

COLUMBUS BAR ASSOCIATION *v.* PLYMALE.

[Cite as *Columbus Bar Assn. v. Plymale*, 2001-Ohio-71.]

*Attorneys at law—Entering into an agreement to share legal fees with a nonlawyer does not in and of itself constitute a violation of DR 3-102(A)— Disciplinary complaint dismissed when relator fails to prove, by clear and convincing evidence, that respondent attorney has violated a Disciplinary Rule.*

(No. 00-1551—Submitted December 13, 2000—Decided April 11, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-49.

_____

**DOUGLAS, J.**

{¶ 1} In a complaint filed September 23, 1999, relator, Columbus Bar Association, charged respondent, Ronald E. Plymale of Columbus, Ohio, Attorney Registration No. 0033032, with two counts of professional misconduct. Each count charged respondent with a violation of DR 3-102(A) (sharing a legal fee with a nonlawyer). Respondent is the principal of the law firm Plymale & Associates ("the firm").

{¶ 2} Count One arose out of circumstances related to the firm's representation of claimants against manufacturers of silicone breast implants. The firm represented over five hundred clients with such claims and became a participant in the global structured settlement that was implemented for these cases. The deadline for submitting claims for payment under the structured settlement was September 16, 1994.

{¶ 3} To assist in preparing the claim forms by the September 16 deadline, respondent hired Scott Cohen, an attorney who was attending medical school.

Respondent entered into a written employment contract with Cohen on May 23, 1994, in which respondent agreed to pay Cohen, upon timely completion of the claims forms, a bonus of $5,000 as well as one and one-half percent of the legal fees collected by the firm from those claims that Cohen was directly involved in preparing.

{¶ 4} During this same period, Marilou Stafford, a registered nurse, was an employee of the firm. Stafford was involved in preparing the breast implant claim forms. Stafford was not an attorney.

{¶ 5} Near the end of July 1994, Cohen abruptly left respondent's employment. Cohen's resignation put respondent in a dilemma because many of the claim forms were not yet completed and the September 16 deadline was approaching.

{¶ 6} The record before the court reflects that there is a dispute of fact relating to the negotiations regarding Stafford's compensation for her work on the breast implant claims. Stafford testified that she and respondent had entered into an oral agreement sometime between December 1993 and February 1994. The terms of this alleged oral agreement, according to Stafford, required respondent to pay Stafford a bonus of $5,000 as well as four percent of the gross legal fees generated by those breast implant claims that Stafford assisted in preparing. Stafford testified that respondent told her that she was to be paid a higher percentage of the legal fees than Cohen because she was a full-time employee and Cohen was a temporary employee.

{¶ 7} Stafford further testified that when respondent later reduced the oral agreement to writing, at Stafford's urging, it was not an accurate reflection of their earlier oral agreement in that the written agreement provided that Stafford would be paid only one and one-half percent of the legal fees. Stafford testified that respondent later offered to share two percent of the legal fees.

{¶ 8} Respondent, on the other hand, although admitting that he offered to share legal fees with Stafford, testified that he did not extend the offer to pay Stafford a percentage of the fees until after Cohen quit working for the firm. According to respondent, because of Cohen's resignation, respondent was concerned that the claim forms would not be completed before the deadline. Respondent therefore immediately approached Stafford and asked whether she wanted to take over some of Cohen's responsibilities in exchange for the "same bonus" that he had offered Cohen, *i.e.*, one and one-half percent of the legal fees. Respondent testified that Stafford did not verbally accept this offer, but he assumed by her actions that she accepted.

{¶ 9} Respondent further testified that when he later put the agreement in writing, at Stafford's request, he realized that she had not accepted his offer to share one and one-half percent of the legal fees and instead expected to share four percent of the legal fees. In an attempt to compromise with Stafford, respondent then offered to give Stafford two percent of the legal fees. Stafford never accepted this offer.

{¶ 10} Respondent also testified that during the negotiations with Stafford regarding the percentage of legal fees to be shared, he became aware that it was unethical to share legal fees with a nonlawyer. Respondent and Stafford both testified that before a written agreement was reached, respondent told Stafford that sharing legal fees with her would be improper and he would have to find another way to compensate her for her hard work on the breast implant litigation. Both also testified that respondent never paid Stafford a percentage of the legal fees collected in relation to the breast implant claims.

{¶ 11} When Stafford's employment with the firm ended in 1995, she entered into a written release and settlement agreement with respondent. The agreement required that respondent pay Stafford $20,000 in exchange for Stafford's release of any and all claims she might have against respondent for any reason,

including those arising out of the employment relationship. Respondent subsequently paid Stafford $20,000 pursuant to this agreement. Notwithstanding the release and settlement agreement, Stafford subsequently filed a lawsuit against respondent. That lawsuit was settled out of court.

{¶ 12} Count Two of the complaint against respondent involved a year-end bonus policy established by respondent in 1994. The policy was contained in the firm's 1994 office manual and provided:

"For the immediate future, commencing in calendar year 1994 and until terminated by management, each secretary and paralegal assigned to a particular lawyer will be paid .004 [.4%] of the gross fees earned by that lawyer during the fiscal year, provided that the lawyer has met or exceeded his pre-established financial goal for the year."

{¶ 13} In accordance with this policy, at the end of 1994, a bonus of $3,946.98 was shared between three legal assistants. The bonus policy was abolished after the 1994 calendar year.

{¶ 14} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the evidence. With regard to Count One, the panel determined that respondent had entered into an agreement to share legal fees with Stafford, a nonlawyer, and that this agreement constituted a sharing of legal fees in violation of DR 3-102(A). However, with regard to Count Two (year-end bonus policy), the panel found no violation of DR 3-102(A).

{¶ 15} Accordingly, the panel recommended that respondent be publicly reprimanded for misconduct related to Count One and that Count Two be dismissed. The board adopted the findings of fact, conclusions of law, and recommendations of the panel.

{¶ 16} Although the Board of Commissioners on Grievances and Discipline makes recommendations to this court in disciplinary proceedings, this court renders the final determination of facts and conclusions of law. *Ohio State Bar Assn. v.*

*Reid* (1999), 85 Ohio St.3d 327, 708 N.E.2d 193, at paragraph one of the syllabus. After a thorough review of the record in this case, we conclude that relator has failed to meet its burden of proving, by clear and convincing evidence, that respondent's actions with respect to Count One constituted a violation of DR 3-102(A). Therefore, we decline to follow the board's recommendation with regard to Count One.

{¶ 17} DR 3-102(A) provides that "[a] lawyer or law firm shall not share legal fees with a non-lawyer * * *." The board found that respondent did not *actually* share legal fees with Stafford; however, it found that respondent and Stafford had *entered into an agreement* to share legal fees and the board determined that entering into such an agreement was in and of itself a violation of DR 3-102(A). On the contrary, we find that there was never an agreement between respondent and Stafford to share legal fees. Moreover, we hold that entering into an agreement to share legal fees with a nonlawyer does not in and of itself constitute a violation of DR 3-102(A).

{¶ 18} Initially, we note that there was never an executed written agreement between respondent and Stafford to share legal fees. The board found, however, that respondent and Stafford had an oral agreement to share fees. We believe that the board's finding that there was an oral agreement to share legal fees was based, at least in part, upon an erroneous finding by the board regarding Stafford's testimony. Specifically, the board found that "Stafford testified she entered into a verbal contract [with respondent] *after Mr. Cohen left* [respondent's employment], which would pay her four percent (4%) of all the attorney's fees generated by the breast implant claims she administered." (Emphasis added.) There is no evidence in the record before this court to support this finding by the board.

{¶ 19} Our review of the transcript of the hearing before the panel reveals that Stafford repeatedly testified that "[s]ometime between December of 1993 and February of 1994" she entered into an oral agreement with respondent to share four

percent of the attorney fees. She further testified that Cohen left the firm in July or August 1994. Therefore, contrary to the board's finding, Stafford did *not* testify that she had entered into an oral agreement with respondent to share fees *after* Cohen left respondent's employment.

{¶ 20} Although this discrepancy between the board's finding and Stafford's actual testimony may at first appear inconsequential, we believe that this inaccurate finding was a significant factor in the board's conclusion that an oral agreement had been formed. In this regard, it appears that in determining whether Stafford's testimony that respondent agreed to pay her four percent of the legal fees was credible, the board took into account that Cohen had left the firm and respondent was in "dire need" of Stafford's assistance in getting the remaining claim forms completed. According to Stafford's testimony, however, the alleged oral agreement was entered into at least seven months before the deadline for filing the breast implant claims and at least five months before Cohen left the firm. Thus, the board erred in considering the firm's loss of Cohen as a factor in determining the credibility of Stafford's testimony regarding the alleged oral agreement.

{¶ 21} After reviewing Stafford's testimony regarding the alleged oral agreement, we conclude that it lacks credibility. Specifically, Stafford testified that respondent agreed to pay her four percent of the legal fees and Cohen, a licensed attorney attending medical school, only one and one-half percent of the legal fees simply because she was a permanent employee and Cohen was a temporary employee. We find this explanation for the alleged discrepancy in payment arrangements implausible.

{¶ 22} In contrast, we find respondent's testimony regarding his negotiations with Stafford to be credible and supported by exhibits in the record. Respondent testified that he offered to share legal fees with Stafford immediately after Cohen left because of the looming deadline for filing claims and his need for Stafford to take over some of Cohen's responsibilities. Respondent further testified

that in exchange for taking over some of Cohen's work, he *offered* to pay Stafford the same bonus that he had offered Cohen, *i.e.*, one and one-half percent of the legal fees. This offer was reduced to writing and the unsigned document was admitted during the hearing as Joint Exhibit 3. When Stafford refused this offer, respondent offered to pay her two percent of the legal fees. This written, unsigned offer was admitted during the hearing as Joint Exhibit 2. Thereafter, respondent revoked all offers to share fees with Stafford after realizing that it was inappropriate to share legal fees with a nonlawyer. In short, there was never a meeting of the minds of the principals regarding an essential term, *i.e.*, the percentage of legal fees to be shared. See, *e.g.*, *Noroski v. Fallet* (1982), 2 Ohio St.3d 77, 79, 2 OBR 632, 634, 442 N.E.2d 1302, 1304. Thus, construing the evidence in its entirety, we conclude that respondent and Stafford did not enter into an agreement to share legal fees.

{¶ 23} Moreover, even if respondent had entered an agreement to share legal fees with Stafford, such an agreement in and of itself is not sufficient to establish a violation of DR 3-102(A). DR 3-102(A) explicitly prohibits a *sharing* of legal fees; it does not prohibit an *agreement* to share legal fees.

{¶ 24} Having said that, we hasten to add that we are not suggesting that it is proper to enter into such an agreement. Canon 9 of the Code of Professional Responsibility provides that lawyers should avoid even the appearance of impropriety. EC 9-6. Thus, offering to share a fee with a nonlawyer and/or entering an agreement to share a fee with a nonlawyer should be avoided.

{¶ 25} For all of the foregoing reasons, we find that, with respect to Count One, relator has failed to prove, by clear and convincing evidence, that respondent violated DR 3-102(A). Accordingly, we decline to accept the recommendation of the board with regard to Count One and hereby dismiss that charge against respondent.

**{¶ 26}** Furthermore, we adopt the board's findings of fact, conclusions of law, and recommendation relating to Count Two (year-end bonus policy). Accordingly, Count Two is hereby dismissed.

*Cause dismissed.*

RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

LUNDBERG STRATTON, J., concurs in part.

MOYER, C.J., and COOK, J., concur in part and dissent in part.

—————————————

**LUNDBERG STRATTON, J., concurring in part.**

**{¶ 27}** I concur in the dismissal of this action because respondent clearly recognized that it was inappropriate to share legal fees with a nonlawyer and took steps to stop performance of the agreement.

**{¶ 28}** The majority holds that although DR 3-102(A) explicitly prohibits a *sharing* of legal fees, it does not prohibit an *agreement* to share legal fees. I disagree and would hold that, assuming there was such an agreement, making the *agreement* to share legal fees is just as improper under DR 3-102(A) as performing the agreement. To hold otherwise is simply not logical. However, since respondent became aware of the prohibition against sharing fees and withdrew his offer or agreement, I believe that we have the discretion to find that no sanctions are warranted.

**{¶ 29}** Moreover, I find it unnecessary for the majority even to reach the issue of whether entering into an agreement to share legal fees with a nonlawyer violates DR 3-102(A), because the majority finds that respondent and Stafford never actually entered into an agreement to share legal fees.

**{¶ 30}** Accordingly, I respectfully decline to join the majority's holding that entering into an agreement to share legal fees with a nonlawyer does not in and of itself constitute a violation of DR 3-102(A), but concur in the dismissal of the cause.

—————————————

**COOK, J., concurring in part and dissenting in part.**

{¶ 31} I would adopt the recommendations of the board as to both counts and would publicly reprimand respondent for the violation of DR 3-102(A) set forth in Count One of the complaint.

MOYER, C.J., concurs in the foregoing opinion.

———————————

*Bruce A. Campbell*, Bar Counsel for Columbus Bar Association; *Louis A. Jacobs* and *Jerry Silverstein*, for relator.

*Mitchell, Allen, Catalano & Boda Co., L.P.A.,* and *William C. Mann; Kegler, Brown, Hill & Ritter* and *Geoffrey Stern*, for respondent.

———————————