DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, James W. Cliff, has filed this original action requesting this court to issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission"), to vacate its order denying his application for temporary total disability ("TTD") compensation and to issue an order finding that relator is entitled to the requested compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a decision which included findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate concluded that the commission did not abuse its discretion in denying relator's application for TTD compensation.
 {¶ 3} Relator has filed two objections to the magistrate's decision. We find that relator's arguments are unpersuasive, as we find no error of law in the magistrate's decision.
 {¶ 4} In his first objection, relator asserts that, in the magistrate's conclusions of law, she erroneously determined that relator had no intention of returning to the workforce. According to relator, he testified at a hearing before the commission that he intended to return to the workforce after his shoulder injury healed. However, we do not have a transcript of the testimony presented by relator at the August 27, 2002 hearing before the commission. The only record of the commission's findings is found in the statements of the commission in its order. Therein, the commission found "[t]here is no evidence that the injured worker intends to work again in any capacity." This finding of fact is supported by the record before us, which includes a pension trust application for disability retirement benefits and a letter addressed to the commission, wherein counsel for the Iron Workers District Council of Southern Ohio Vicinity Pension Trust, a pension plan established to benefit local unions in the iron work industry, stated that relator was advised that returning to work would preclude him from receiving disability benefits from the pension fund. The record also reveals that relator has been receiving Social Security benefits, and there is no evidence that relator has worked following his retirement in 1997. Cf.State ex rel. McAtee v. Indus. Comm. (1996), 76 Ohio St.3d 648, 651
(finding that relator's early retirement, receipt of Social Security benefits, application for pension benefits, and failure to seek other employment following his departure from his former employer demonstrated an intent to abandon the labor force). Because this evidence supports the conclusion that relator abandoned the entire workforce, and because the issue of whether a claimant intends to abandon the workforce, "`being a factual question, is a determination for the commission,'" State ex rel.Waddle v. Indus. Comm. (1993), 67 Ohio St.3d 452, 456, quoting State exrel. Diversitech Gen. Plastic Film Div. v. Indus. Comm. (1989),45 Ohio St.3d 381, 383, relator's first objection is not well-taken.
 {¶ 5} In his second objection, relator further argues that the magistrate improperly distinguished State ex rel. Reliance Elec. Co. v.Wright (2001), 92 Ohio St.3d 109. In Reliance, the claimant suffered from an occupational disease that had a long latency period. The claimant retired before the symptoms of the disease became apparent. After being diagnosed with the disease, the claimant applied for permanent and total disability ("PTD") compensation, which the commission awarded. In upholding the commission's order to grant the claimant's request for PTD compensation, the Reliance court held that the claimant's decision to withdraw from the job market before the onset of his disease did not justify denying his application for PTD compensation. The court reasoned that the claimant could not have "`tacitly surrendered a right that did not exist and could not be foreseen.'" Id. at 111, quoting State ex rel.Liposchak v. Indus. Comm. (1995), 73 Ohio St.3d 194, 196, reconsideration denied, 74 Ohio St.3d 1410 (emphasis sic.).
 {¶ 6} After examining the magistrate's decision, we find that the magistrate sufficiently distinguished Reliance. Reliance involved a claim for PTD compensation. PTD compensation presupposes no prospect that the claimant will return to the workforce; whereas TTD compensation assumes that the claimant will return to work and, consequently, is meant to replace wages lost while the injury heals. State ex rel. Baker MaterialHandling Corp. v. Indus. Comm. (1994), 69 Ohio St.3d 202, 211-212, rehearing denied, 69 Ohio St.3d 1452. Thus, Reliance is distinguishable. See Baker, at 212 (stating that "[s]ince the purpose of each particular statutory type of compensation is different, `there is good reason to have differing results when dealing with a particular disability.'"), quoting State ex rel. Bunch v. Indus. Comm. (1980), 62 Ohio St.2d 423, 427. The commission did not abuse its discretion in denying relator's TTD application, and we therefore overrule relator's objections to the magistrate's decision.
 {¶ 7} For the foregoing reasons, we adopt the magistate's decision as our own, including the findings of fact and conclusions of law contained therein, and, in accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objections overruled; writ denied.
Sadler and French, JJ. concur.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
 The State of Ohio ex rel. James W. Cliff, :
 Relator, :
 :
 v. : No. 03AP-365
 :
 Auburndale Company and : (REGULAR CALENDAR)
 The Industrial Commission of Ohio, :
 Respondents. :
 MAGISTRATE'S DECISION Rendered on September 30, 2003 Mcllwain and Grubbs, and Gerald R. Grubbs, for relator.
Marshall Melhorn, LLC, and David L. O'Connell, for respondent Auburndale Company.
Jim Petro, Attorney General, and Erica L. Bass, for respondent Industrial Commission of Ohio.
 IN MANDAMUS {¶ 8} Relator, James W. Cliff, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied his application for temporary total disability ("TTD") compensation, and ordering the commission to issue an order finding that relator is entitled to said compensation.
Findings of Fact:
 {¶ 9} 1. Relator has been employed by two separate employers and has two separate workers' compensation claims which are relevant to the present case.
 {¶ 10} 2. Relator had been employed by respondent Auburndale Company ("Auburndale") for an unknown period of time in the past. At some point in time, relator ceased working for Auburndale and began working for Fenton Rigging Company ("Fenton").
 {¶ 11} 3. On November 30, 1995, relator sustained an injury to his right shoulder while working for Fenton. On December 31, 1996, relator took a disability retirement from Fenton on the basis of his right shoulder injury. Thereafter, on July 20, 1998, relator settled his shoulder claim for $25,000.
 {¶ 12} 4. On August 24, 2000, relator was diagnosed with "squamous cell carcinomas of the face arms; actinic keratosis arms and face," which arose due to his exposure while he was employed with Auburndale. Relator's claim was allowed for the above conditions.
 {¶ 13} 5. On October 5, 2001, relator filed a request for TTD compensation supported by the C-84s of his treating physician, Dr. David A. Shearer, who indicated that relator could not return to his job as a structural iron worker or perform light-duty work, alternative work, modified work, or transitional work as a result of his allowed conditions of "squamous cell carcinomas of the face arms; actinic keratosis arms and face." Dr. Shearer certified relator's period of TTD compensation from August 24, 2000 to January 28, 2002.
 {¶ 14} 6. Relator's motion was heard before a district hearing officer ("DHO") on January 31, 2002. The DHO awarded relator TTD compensation based upon a finding that relator had not voluntarily retired from his employment. The DHO found that "retirement for medical reasons, whether those medical reasons are related to the instant claim or not, is not a voluntary retirement."
 {¶ 15} 7. Auburndale appealed and the matter was heard before a staff hearing officer ("SHO") on April 24, 2002. The SHO affirmed the prior DHO order as follows:
It is the order of the Hearing Officer that further temporary total disability compensation is to be paid upon submission of medical evidence which documents the claimant's continued inability to return to and perform the duties of his former position of employment as a result of the allowed conditions in this claim.
The Staff Hearing Officer finds that the claimant retired 01/01/97 and although the paperwork indicates that the retirement was regular, the evidence on file indicates that the claimant took a retirement due to a shoulder condition which is the subject of a different workers' compensation claim and is allowed against a different employer. The employer does not dispute that the retirement was due to the claimant's shoulder injury.
The Staff Hearing Officer finds that retirement due to an industrial injury to the claimant's shoulder is an involuntary retirement and does not constitute an abandonment of the work force. The Staff Hearing Officer finds that retirement due to medical reasons, even if those reasons are not related to the instant claim, is not a volunteer retirement. Therefore, the Staff Hearing Officer finds that the claimant's retirement does not preclude the payment of temporary total compensation.
The Staff Hearing Officer relies on State, ex rel. RockwellInternational v. Industrial Commission (1988), 40 Ohio St.3d 44.
This order is based upon the medical report(s) of Dr(s). Shearer and Dr. Grefer (01/22/02).
 {¶ 16} 8. Auburndale's further appeal was heard before the commission on August 27, 2002. The commission vacated the prior SHO order and denied relator's request for TTD compensation. The commission based its decision to deny TTD compensation upon the following factors: (1) relator retired January 1, 1997, due to his right shoulder injury, whereas the claim in which he is requesting TTD compensation is not allowed for a shoulder injury; (2) pursuant to State ex rel. Staton v. Indus. Comm. (2001),91 Ohio St.3d 367, a retirement for a medical reason which is not an allowed condition in a claim constitutes a voluntary retirement for purposes of eligibility for TTD compensation; and (3) relator's reliance on State ex rel. Liposchak v. Indus. Comm. (2000), 90 Ohio St.3d 276, is misplaced since Liposchak involved an application for permanent total disability ("PTD") compensation. Specifically, after citing Staton, the commission concluded as follows:
The Supreme Court, in upholding the Industrial Commission's decision to deny temporary total disability compensation, found there was "some evidence" supporting the Commission's conclusion that the injured worker had retired for reasons unrelated to the allowed conditions in his workers' compensation claim. The Court found that all relevant retirement documentation from the attending physician demonstrated that the injured worker's nonallowed heart condition and depression were the reasons for the injured worker's retirement, not his industrial injury. Therefore, the Court held that "the claimant who vacates the work force for non-injury reasons not related to the allowed condition and who later alleges an inability to return to the former position of employment cannot get TTD."
In this claim, as in Staton, the injured worker left the work force based on a condition that is not allowed in this claim — his right shoulder condition. Subsequently, the injured worker filed a request for temporary total disability compensation based on the allowed conditions in this claim, which are "squamous cell carcinomas of the face and arms" and "actinic keratosis arms and face." Accordingly, pursuant to the holding in Staton, the injured worker in this case is not eligible for temporary total disability compensation because he retired from the work force for reasons unrelated to the allowed conditions in this claim.
 {¶ 17} The commission's analysis regarding the Liposchak decision provides as follows:
The injured worker's reliance on Liposchak v. Indus. Comm. (1995),73 Ohio St.3d 194, is clearly misplaced. Liposchak is actually more helpful to the Commission's decision than it is to the injured worker's position. The issue in Liposchak concerns permanent total disability; while the issue before this Commission concerns temporary total disability. "Entitlement to permanent total disability compensation requires a showing that the medical impairment due to the allowed conditions, either alone or together with nonmedical disability factors, prevents claimant from engaging in sustained remunerative employment."State ex rel. LTV Steel Co. v. Indus. Comm. (1992), 65 Ohio St.3d 22, 24. On the other hand, temporary total disability requires an inability to return to one's former position of employment. State ex rel. Ramirez v.Indus. Comm. (1982), 69 Ohio St.2d 630.
Liposchak involves an injured worker's right of choice to return to the work force after retirement which is precluded by a latent occupational disease. The same cannot be said where the injured worker abandons his former position of employment for reasons unrelated to this claim. The injured worker will simply never sustain the loss of wages which temporary total disability is intended to prevent. There is no evidence that the injured worker intends to work again in any capacity.
 {¶ 18} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 19} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 20} Relator argues that the commission abused its discretion by finding that the Ohio Supreme Court's decision in Liposchak did not apply in the present case and that the court's decision in Staton applied instead. Relator contends that the reason Liposchak applies is because both Liposchak and his present situation involved occupational diseases with long latency periods. As such, relator contends that the rationale from Liposchak permitting the claimant to apply for and receive PTD compensation after the claimant had retired should apply to an application for TTD compensation. For the reasons that follow, this magistrate rejects relator's argument and concludes that the commission did not abuse its discretion.
 {¶ 21} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. State ex rel. Ramirez v.Indus. Comm. (1982), 69 Ohio St.2d 630. The purpose of TTD compensation is to compensate an injured employee for their loss of earnings incurred while their injury heals. See State ex rel. Ashcraft v. Indus. Comm.
(1987), 34 Ohio St.3d 42. For years, it was held that a voluntary departure from employment for reasons not related to the allowed conditions in the claim was a permanent bar to an award of any future TTD compensation. As such, claimants who left the former position of employment for a better job forfeited eligibility to further TTD compensation forever.
 {¶ 22} However, in State ex rel. Baker v. Indus. Comm. (2000),89 Ohio St.3d 376, the Ohio Supreme Court reexamined the issue and determined that voluntary departure to another job would no longer bar eligibility for TTD compensation provided that the allowed condition rendered the claimant temporarily and totally disabled. However, the court retained the prohibition against TTD compensation to claimants who voluntarily abandoned the entire labor market. The rationale was that an employee cannot credibly allege the loss of wages for which TTD compensation is meant to compensate when the practical possibility of employment no longer exists.
 {¶ 23} In the present case, relator took a disability retirement from Fenton due to a shoulder injury which he sustained during his course of employment with Fenton. Thereafter, relator was not employed again nor did he seek other employment. In August 2000, relator was diagnosed with an occupational disease which resulted from his earlier exposure to certain substances while employed by Auburndale. Relator filed a workers' compensation claim with Auburndale and the claim was allowed for "squamous cell carcinomas of the face arms; actinic keratosis arms and face," and benefits have been paid in that claim for medical treatment. However, because relator had no intention of returning to the workforce and did not do so, TTD compensation would be inappropriate as relator has not suffered a loss of wages for which TTD compensation is meant to compensate.
 {¶ 24} Relator contends that, pursuant to Liposchak, the commission should have awarded him compensation. This magistrate disagrees.
 {¶ 25} Through its decision in Liposchak, the Ohio Supreme Court has chosen to make a distinction in cases involving long-latent occupational diseases that arise after the claimant abandons the job market. Specifically, in State ex rel. Reliance Elec. Co. v. Wright (2001),92 Ohio St.3d 109, 110-111, the court stated as follows:
Generally, a workers' compensation claimant is entitled to PTD compensation under R.C. 4123.58 where the medical impairment due to the allowed conditions in the claim, either alone or in conjunction with nonmedical disability factors, prevents the claimant from engaging in sustained remunerative employment. Moreover, any impairment caused by nonallowed medical conditions, even if independently workpreclusive, cannot defeat the claimant's eligibility for PTD compensation. Regardless of nonallowed disabling conditions, the claimant's entitlement to PTD compensation is dependent upon the establishment of a causal relationship between the allowed conditions themselves and the requisite degree of disability. * * * In this case, it is undisputed that [claimant's] pneumoconiosis independently prevents him from engaging in sustained remunerative employment.
Nevertheless, the existence of a causal relationship between an allowed condition and an inability to perform sustained remunerative employment is not always determinative of the claimant's eligibility for PTD compensation. In a limited sense, a claimant's pre-PTD voluntary abandonment of the labor force can be perceived as an intervening act that breaks the nexus between an allowed condition and PTD. Thus, inState ex rel. Baker Material Handling Corp. v. Indus. Comm. (1994),69 Ohio St.3d 202, * * * paragraph two of the syllabus, we held, "An employee who retires prior to becoming permanently and totally disabled is precluded from eligibility for permanent total disability compensation only if the retirement is voluntary and constitutes an abandonment of the entire job market."
* * *
* * * [T]he principle that pre-PTD voluntary withdrawal from the job market precludes eligibility for PTD compensation has no application in cases involving long-latent occupational diseases that arise after the claimant abandons the job market. In this situation, we have expressly refused to find that "the claimant tacitly surrendered a right that did not exist and could not be foreseen." (Emphasis sic.) State ex rel.Liposchak v. Indus. Comm. (1995), 73 Ohio St.3d 194, 196 * * *. See, also, State ex rel. Vansuch v. Indus. Comm. (1998), 83 Ohio St.3d 558 * * *.
 {¶ 26} As such, in situations other than where a claimant suffers from an occupational disease with a long latency period, the court still applies the principle that pre-PTD voluntary withdrawal from the job market precludes eligibility for PTD compensation. Inasmuch as the court has not made a similar distinction for cases involving an application for TTD compensation, and because TTD compensation is specifically designed to compensate an employee for wages lost, this magistrate concludes that the rationale from Liposchak does not apply and the commission did not abuse its discretion by denying relator's application for TTD compensation.
 {¶ 27} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying his application for TTD compensation and this court should deny his request for a writ of mandamus.