490

THE STATE EX REL. CLIFF, APPELLANT, *v.* AUBURNDALE
COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Cliff v. Auburndale Co.,*
111 Ohio St.3d 490, 2006-Ohio-6111.]

(No. 2005–1812—Submitted September 19, 2006—Decided December 6, 2006.)

**Per Curiam.**

{¶ 1} This case involves appellant James W. Cliff's eligibility for temporary total disability compensation. On November 30, 1995, Cliff hurt his right shoulder while working for Fenton Rigging Company, and a workers' compensation claim was allowed. Shortly thereafter, he switched jobs and began working for appellee Auburndale Company. He worked there for approximately one year before his shoulder condition forced him to retire.

{¶ 2} After his retirement, Cliff was diagnosed with skin cancer that was attributed to his 35 years of sun exposure as an ironworker. A workers' compensation claim was allowed, and under the "last injurious exposure" theory, it was allowed against Auburndale.

{¶ 3} Cliff moved for temporary total disability compensation from August 24, 2000, to January 28, 2002, based on his cancer. On August 27, 2002, appellee Industrial Commission of Ohio denied the request after finding that Cliff had voluntarily abandoned the workforce.

{¶ 4} Cliff filed a complaint in mandamus in the Court of Appeals for Franklin County. On September 30, 2003, the magistrate issued her report, recommending that the writ be denied. On September 9, 2004, the commission awarded Cliff permanent total disability compensation retroactive to November 5, 2002, based on the cancer claim. The court of appeals, on August 4, 2005, adopted the magistrate's report and denied the writ, thus upholding the commission's denial of temporary total disability compensation. *State ex rel. Cliff v. Auburndale Co.,* 10th Dist. No. 03AP–365, 2005-Ohio-3984, 2005 WL 1840130, ¶ 7.

{¶ 5} This cause is now before this court on an appeal as of right.

{¶ 6} The commission has issued inconsistent orders. On August 27, 2002, it denied temporary total disability compensation after finding that Cliff had voluntarily abandoned the workforce. Yet two years later, it awarded permanent total disability compensation and in so doing, implicitly declared that Cliff's workforce departure had been *involuntary*. See *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138. Because we are unable to proceed further due to this conflict, we return the cause to the commission for further consideration and an amended order.

Judgment reversed
and cause returned.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

---

Gerald R. Grubbs, for appellant.

Marshall & Melhorn, L.L.C., and David L. O'Connell, for appellee Auburndale Company.

Jim Petro, Attorney General, and Derrick L. Knapp, Assistant Attorney General, for appellee Industrial Commission.